## In re SPICER.

(District Court, W. D. New York. May 18, 1906.)

BANKRUPTCY— AMENDMENT OF SCHEDULES—OPENING PROCEEDINGS.

Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], provides that a discharge shall release the bankrupt from all provable debts except those not scheduled in time for proof and allowance, unless the creditor had notice or actual knowledge of the proceedings in bankruptcy, and section 57, subd. "n" (30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), declares that claims shall not be proved against a bankrupt estate subsequent to a year after the adjudication, except in the case of infants and insane persons, without guardians, who are allowed six months more. Section 2, subd. 12, 30 Stat. 545, 546 [U. S. Comp. St. 1901, p. 3421]), confers on courts of bankruptcy jurisdiction to discharge or refuse to discharge bankrupts, and to set aside dis-

charges. and reinstate the cases, and subdivision 15 authorizes the making of orders, the issue of process, and entry of judgments, in addition to those specifically provided for necessary for the enforcement of the provisions of the act. *Held*, that, where more than 18 months had elapsed after the granting of a bankrupt's discharge, it was too late for the bankrupt to have the proceedings opened in order to permit him to amend his schedules by including an omitted creditor, who was not made a party to the proceedings prior to the granting of the discharge, who had no notice or knowledge of the proceedings, though there were no assets belonging to the estate.

W. B. Van Allen, for the bankrupt.
W. A. Porter, for the creditor.

RAY, District Judge. The bankrupt filed his petition in this court to be adjudged a bankrupt on the 16th day of March, 1904, and was duly adjudicated such on the 5th day of April, 1904. W. W. Sweet was duly appointed trustee of the bankrupt's estate, but no assets came to his hands. June 14, 1904, said Spicer was duly discharged. In the schedules and proceedings N. W. Maxwell, a creditor in fact of the bankrupt, was not named, nor was his claim, and he had no notice or actual knowledge of the proceedings at any stage thereof. The bankrupt claims that he did not know of the claim of Maxwell against him. In 1906 Maxwell commenced suit on his claim, the validity of which is now substantially admitted, and the bankrupt moves to open the proceeding, amend the schedules, permit the creditor to prove his claim, and so procure a discharge from this debt with the others.

This court is of the opinion that it has no power to grant the application. There was no error in the proceedings, and no fraudulent concealment of any fact by the creditor Maxwell. The proceeding was a voluntary one, instituted by the bankrupt, and on him rested the burden of making schedules, giving notice as to who his creditors were, and he omitted the name and debt of a creditor at his peril. He was required by subdivision 8 of section 7 of the bankruptcy act of July 1, 1898. (c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]), to file with his petition—

"A schedule of his property, showing the amount and kind of property, the location thereof. its money value in detail, and a list of his creditors, showing their residences, if known, if unknown that fact to be stated, the amount due each of them, the consideration thereof, the security held by them, if any," etc.

When the adjudication has been made, the matter is referred to a referee, who by section 39 (30 Stat. 555 [U. S. Comp. St. 1901, p. 3436]), is required "to give notice to creditors as herein provided," and by section 58 (30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), creditors are to have notice of "all meetings." Creditors may participate in the selection of a trustee, oppose or contest claims, the granting of a discharge, etc. Sections 55 and 56 (30 Stat. 559, 560, [U. S. Comp. St. 1901, p. 3442]). By section 17 of the act (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), it is provided:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as * * * have not been duly scheduled in time for

proof and allowance. with the name of the creditor if known to the bank-rupt. unless such creditor had notice or actual knowledge of the proceedings in bankruptcy," etc.

Section 2 of the act (30 Stat. 545, 546 [U. S. Comp. St. 1901, pp. 3420, 3421]), defines the jurisdiction of courts of bankruptcy, and, among other powers, we find:

"(12) Discharge or refuse to discharge bankrupts and set aside discharges and reinstate the cases. * * * (15) Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act."

By the last clause of this section (section 2) it is provided:

"Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

I am of opinion that clause 12, above referred to, relates to the reinstatement of cases when a discharge has been set aside, that clause 15 has no application here, as the court is not called on to enforce some provision of the act, and that the final clause cannot be invoked, as the final judgment is in favor of, and not against, the bankrupt. There was no fraud, and several terms of this court have intervened. The court has acted on the record made and presented by the bank-rupt. Compositions must be set aside on applications made within six months after confirmation. Section 13 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]). Discharges may be revoked on application filed within one year. Section 15 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]). Subdivision "n" of section 57 (30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) provides that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication," but in the case of infants and insane persons without guardians, etc., the time is extended six months. This creditor (Maxwell), should this case be opened, could not prove his claim.

It seems to me clear that the law contemplates that after a discharge it is too late for the bankrupt to come in and include creditors not named by him in his schedules or brought in and made parties prior to the granting of the discharge. Otherwise, the matter is interminable. It is immaterial that in this case there were no assets. The same rule should be applied here as in a case where there are assets. In such a case the expense, confusion, and delay that would follow a reopening of the case are apparent.

The application is denied, and the stay vacated.