### In re SAYER.

(District Court, N. D. New York. January 20, 1914.)

BANKRUPTCY (§ 372*)—CLOSING ESTATE—OPENING FOR AMENDMENT OF SCHEDULES—JURISDICTION.

> Under Bankr. Act July 1, 1898, c. 541, § 2, subd. 8, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), providing that the courts of bankruptcy shall have jurisdiction to close estates when fully administered, by approving the final accounts and discharging the trustees, and to reopen them when it appears that they were closed without being fully administered, the court has no jurisdiction to open a closed estate in order that the bankrupt may amend his schedules by adding the names of certain omitted creditors, in the absence of any showing that the estate was not fully administered when it was closed.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 574; Dec. Dig. § 372.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. Stacy Sayer. On petition of the bankrupt for an order reopening the estate and permitting the amendment of schedules. Denied.

Myron E. Gray, of Ogdensburg, N. Y., for petitioner.

RAY, District Judge. The petition sets out in substance that the petitioner, J. Stacy Sayer, a merchant of the city of Ogdensburg, was adjudicated a bankrupt May 26, 1913; that Arthur L. Jameson was duly appointed trustee; and that he duly qualified; and that "at the present time the said bankruptcy estate has been closed." The petition also alleges that by inadvertence the names and the statutory facts concerning claims of certain creditors were omitted from the

schedules, and that such omission was without the fault of the bankrupt and without willfully intending to do so, and that he is now desirous of having the claims of said creditors presented to this court for its attention.

The petition then sets out the names of two creditors so omitted; one having a claim of $20 for merchandise and labor, and the other a claim of $137.60 for merchandise sold and delivered and which includes interest and $17.43 costs of reducing the said claim to judgment. The petition also says that these creditors have not been regularly notified of the said bankruptcy proceedings, and also "that your petitioner is informed and believes that the estate of the above-mentioned bankrupt was closed on or about the 20th day of October, 1913," and that the record book and all other papers in said matter were forwarded to and filed and deposited with the clerk of the court.

There is no allegation statement of claim in this petition that this estate was closed before being fully administered. The presumption is that the estate of the bankrupt was fully administered and divided amongst the creditors named in the schedules or who appeared without being named and filed and proved their claims. This court therefore is without power or jurisdiction to open this estate for the purpose of allowing the bankrupt to amend his schedules, include the names, etc., of the omitted creditors so as to bar or conclude them by the bankruptcy proceedings. By subdivision 8 of section 2 of the Bankruptcy Act, it is provided that the courts of bankruptcy have jurisdiction to:

"(8) Close estates whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered."

In Collier on Bankruptcy (9th Ed.) p. 61, it is said that subdivision 8 of section 2 invests courts of bankruptcy with the power to "close estates whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered." And, also, "under this subdivision an estate can only be closed when it appears that it has been fully administered." On page 62, the author says:

"This subdivision recognizes the power of the court to reopen estates whenever it appears they were closed before being administered. Upon the proper showing of jurisdictional facts it is the duty of the court to reopen the estate. The exercise of the power to reopen rests in the sound discretion of the court upon a consideration of all the circumstances. Lack of administration sole ground. The subdivision provides for the reopening of an estate only when closed before being administered. This is the only ground for the reopening of an estate. It becomes essential therefore to ascertain whether there has been a lack of administration before granting the application to reopen. The common cause is therefore the discovery of unadministered assets, and it has been held that the allegations of the petition to reopen must be such as to satisfy the court that such assets exist."

In Matter of Paine (D. C.) 11 Am. Bankr. Rep. 351, 127 Fed. 246, it was held:

"The power to reopen the case is given in one contingency only, namely, when it appears that the case was closed before being fully administered."

In Re Spicer (D. C.) 16 Am. Bankr. Rep. 802, 145 Fed. 431, it was held that the bankrupt's application to reopen, made several months after his discharge so as to permit him to amend his schedules by inserting the name of a creditor omitted therefrom, so that the bankrupt may also be discharged from such creditor's claim, should be denied.

On these authorities, as well as on the terms of the statute, I am of the opinion that this court is without power to grant the application, as it appears that the estate has been administered and closed. The referee could not have closed the estate without first administering it.

On the petition as presented and the facts shown, the application must be denied.