### In re LOUGHRAN.

### LOUGHRAN v. HAZLETON MERCANTILE CO.

(Circuit Court of Appeals, Third Circuit. December 24, 1914.)

No. 1853.

BANKRUPTCY (§ 410*)—DISCHARGE—APPLICATION—TIME—NEW PROCEEDING—PROCEEDINGS.

Where a bankrupt made no application for discharge within the time specified, such failure constituted a bar to his right to a discharge from the debts scheduled in that proceeding; and hence he could not obtain a discharge from such debts by beginning a new proceeding and scheduling the same debts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

In the matter of bankruptcy proceedings of John Loughran. From an order (215 Fed. 271) denying the bankrupt's petition for discharge on objections of the Hazleton Mercantile Company, the bankrupt appeals. Affirmed.

R. W. Archbald, of Scranton, Pa., for appellant.

R. L. Bigelow, of Hazleton, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

J. B. McPHERSON, Circuit Judge. We are advised by the appellant's counsel that in case of an adverse decision by this court he desires to appeal to the Supreme Court, and for this reason he requests us to make the finding of facts required by paragraph 3 of General Order 36 (89 Fed. xiv, 32 C. C. A. xxxvi). We therefore find the facts to be as follows:

On February 20, 1911, the appellant, John Loughran, was adjudicated a voluntary bankrupt by the District Court for the Middle Dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trict of Pennsylvania. The number of the case is 1845 on the bankruptcy docket. On December 16, 1911, the referee certified that the case was closed. Loughran filed no petition for discharge, but on November 11, 1912 (more than 18 months from the date of adjudication), he asked the court for leave to file a petition for discharge nunc pro tunc. Objection was made by the Hazleton Mercantile Company, a scheduled creditor holding a provable debt, and on February 21, 1913, the bankrupt asked, and the District Court granted, leave to withdraw the petition of November 11th; the attorney for the bankrupt declaring his intention "to begin bankrupt's petition anew, being convinced that after 18 months have expired the court would have no power to entertain the present [petition for] leave to file." A few days afterwards, on February 24, 1913, a second voluntary petition was filed—whose number is 2410 on the bankruptcy docket—scheduling the same creditors and the same indebtedness as in the former petition. He scheduled no assets in either petition. On March 20, 1913, the referee certified that the case was closed, and on April 5th the bankrupt petitioned for his discharge. In due season the Hazleton Mercantile Company objected on the ground:

"That, having opposed successfully a discharge of the bankrupt in a former proceeding, No. 1845 in bankruptcy, the bankrupt cannot now receive a discharge in this proceeding, which would discharge the claim of the Hazleton. Mercantile Company; the claim of the said company being the same in both proceedings."

A special master was appointed, who heard the parties and recommended that the discharge be denied, whereupon the District Judge (whose opinion is reported in 215 Fed. at page 271) entered an order refusing the discharge on the ground that the proceedings under the petition of February 20, 1911, barred a discharge under the petition of February 24, 1913.

These are the facts, and the appellant concedes that on the question thereby raised the decided cases are against him. They are collected by Judge Grubb in Bacon v. Storage Co., 193 Fed. 34, 113 C. C. A. 358 (C. C. A., 5th Cir.) 27 Am. Bankr. Rep. 736, and need not be cited again. That decision follows the rulings of several District Courts and of the Courts of Appeals in the First, Second, and Eighth Circuits, whose conclusions are all in accord, although their reasoning is not identical. In substance the reasons are two, and these are closely related: First, that a failure to apply within the statutory period is equivalent to a judgment by default, and establishes conclusively (so far as the creditors then scheduled are concerned) that the bankrupt is not entitled to a discharge; and, second, that where the discharge has been actually applied for within the period, and has been refused for any reason, the matter is definitely res judicata in favor of such creditors. The appellant attacks these reasons on the ground that by so arguing the courts have read into the Bankruptcy Act a new objection to the granting of a discharge, insisting that this cannot be done, and that the present situation is casus omissus, which Congress alone can correct, if correction should be desirable.

We express no opinion upon the soundness of the reasoning thus attacked, for we think the conclusion reached by the various courts

referred to can be satisfactorily defended on another ground. With much deference to the tribunals that have considered these questions, we are inclined to believe that the precise situation may not have been stated, and that the supposed difficulties may disappear when this is done. As it seems to us, there are two stages in a proceeding for discharge. The first stage is before the bankrupt begins the proceeding, and the second stage is after the proceeding has actually begun. In our opinion Congress has imposed a condition precedent to the right to file a petition for discharge at all—that is, to the right even to begin the proceeding—and this condition is that the petition must be presented within 18 months at the farthest, "but not after." This provision works automatically, and requires no action of any kind by the District Court. It gives the bankrupt notice that he himself must act within a specified period, under penalty of losing the privilege of release from his debts if he fails to take the initial step. The statute, and not the court, forecloses him if he lets the time go by without action. Therefore, unless the bankrupt complies with this condition, he can never even ask to be discharged, and in that event the second stage can never be reached, and he can never obtain a discharge from the debts then scheduled. It is not strictly accurate, we think, to say that in such a situation the bankrupt is refused a discharge. The precise fact is that the act does not allow him to apply for it.

It is only after the second stage has been reached—that is, after a petition for discharge has been filed within the statutory period—that the right of the bankrupt to be relieved from his debts is open to attack by his creditors, and it is only during this stage that the statutory objections come to be considered. For the purposes of this case we may concede that a court cannot add to these objections; but we think it clear that no such addition is made by the court's refusal to allow a petition for discharge to be filed on the ground that the statutory condition precedent as to time has not been complied with.

In the present case the bankrupt did not apply within the proper period. Probably his petition for leave to apply nunc pro tunc would have been dismissed if he had pressed it to a decision, but (recognizing that he could hardly hope to succeed) he withdrew that petition altogether. He had therefore never come before the court with a petition for discharge from the debts scheduled under the first petition, and he was barred by the act and by his own laches from ever presenting such a petition. We repeat that it is the mere lapse of time under the act, and not the court, that bars him from making such an application; and, if this position be sound, it seems elementary to say that he cannot evade the act simply by varying the form of his approach to the court, for what he now calls a new application for discharge is precisely the old application in every essential particular. As both proceedings were in the same district, we see no reason why the court might not take judicial notice of its own records and act upon the facts there disclosed; but, aside from this, all the foregoing facts were directly proved, and indeed are not denied.

The appellant concedes that the case of Bluthenthal v. Jones, 208 U. S. 64, 28 Sup. Ct. 192, 52 L. Ed. 390, is not in point, and we need

not discuss it. What was decided there is correctly stated in the syllabus:

"Courts are not bound to search the records of other courts and give effect to their judgments, and one who relies upon a former adjudication in another court must properly present it to the court in which he seeks to enforce it.

"While an adjudication in bankruptcy, refusing a discharge, finally determines for all time and in all courts, as between the parties and their privies, the facts upon which the refusal is based, it must be proved in a second proceeding brought by the bankrupt in another district, and of which the creditor has notice, in order to bar the bankrupt's discharge therefrom, if the debt is provable under the statute as amended at the time of the second proceeding, although it may not have been [provable] under the statute at the time of the first proceeding."

Our conclusion of law therefore is that as the same debts owed by John Loughran were scheduled under both proceedings, and as he had not seasonably availed himself of his right to apply for a discharge therefrom, the right was lost, and he was not entitled to ask for such discharge on April 5, 1913.

In strictness, the order of the District Court should have dismissed the petition; but in substance it is right, and is therefore affirmed.