## In re FRANK.

(District Court, D. Montana. January 23, 1922.)

No. 2449.

1. **Bankruptcy ⬅372—Court has power to reopen estate on any equitable ground.**

Under Bankr. Act, § 2(8), being Comp. St. § 9586, authorizing the court to reopen estates when not fully administered, and the final clause of said section, providing that nothing therein shall be construed to deprive the court of any power it would possess, were certain specific powers not enumerated, a court is not limited, in reopening estates, to cases where new assets are found, but may reopen an estate for the benefit of the bankrupt, where equity requires it.

2. **Bankruptcy ⬅32—Amendments may be permitted in furtherance of justice.**

A court *held* to have power to permit an amendment of the bankrupt's schedules, after the estate had been closed, to correctly state the name of the payee of a note scheduled.

In Bankruptcy. In the matter of David Frederick Frank, bankrupt. On petition of bankrupt to amend schedules. Granted.

C. W. Buntin, of Lewistown, Mont., for bankrupt.

BOURQUIN, District Judge. Adjudication was made October 22, 1921. Then followed, in order, reference, trustee, report of no assets, discharge of trustee, referee's report, proceedings concluded, and now the bankrupt, who has not been discharged, petitions to amend schedules to change the name of a creditor payee of a promissory note.

[1] If this requires reopening the estate, it is believed that the court has power to do so. The bankruptcy proceedings are primarily for the benefit of the bankrupt, and secondarily for the benefit of creditors. Administration of the bankrupt estate is to determine his creditors, and to relieve him from further obligations to them, as well as to distribute his property amongst them. It is a narrow construction of paragraph 8 and the final clause of section 2 (Comp. St. § 9586) to hold closed estates can be reopened only when new assets are discovered, reopened only for the benefit of creditors. Both the spirit of the law and the rules and principles of equity are otherwise. These latter authorize amendments at any stage consistent with equity, and reopening proceedings or rehearings to that end. See General Order 11 (89 Fed. vii, 32 C. C. A. xv) equity rule 19 (198 Fed. xxiii, 115 C. C. A. xxiii), In re Sayer (D. C.) 210 Fed. 397, contra.

[2] But to permit the amendment does not require the estate to be reopened. No assets, and the trustee and referee having performed their duties, the proceedings. are now limited to the court, wherein is power to amend. If, after amendment made, or otherwise, new assets are found, the estate can be reopened to administer them in connection with claims of creditors. If none are found, there will be no occasion to reopen the estate.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Amendment will be made, the clerk will issue notice thereof to the creditor of the amendment, and he may show cause, if any he have, why the estate should be reopened.