## In re CARMICHAEL.

(District Court, M. D. Alabama, N. D. at Montgomery. June 6, 1924.)

1. **Bankruptcy ⬅404(2)—Voluntary proceedings may be instituted as often as desired.**

Any person has right to institute voluntary bankruptcy proceedings as often as he likes, and is entitled to certain protection from harassment by creditors, although he will not be entitled to discharge because of granting of discharge in former proceeding within six years.

2. **Bankruptcy ⬅391(3)—Bankrupt not entitled to prevent creditors from pursuing remedies to collect debts.**

Bankrupt cannot prevent creditors from pursuing remedies to collect debts from which he will not be discharged.

In Bankruptcy. In the matter of the estate of Giles Carmichael, bankrupt. Petition for review of order of referee denying a stay of suit by creditor. Petition denied.

J. Paul Jones, of Montgomery, Ala., for bankrupt.
L. A. Sanderson, of Montgomery, Ala., for creditor.

CLAYTON, District Judge. The bankrupt seeks review of the order of the referee in bankruptcy wherein he was denied a stay of suit by creditor. The facts are without controversy, and show that the voluntary adjudication in bankruptcy was made on November 6, 1923, and that the petition for relief was filed by the bankrupt in January following. The bankrupt had been discharged in a former proceeding on January 15, 1923. The creditor was about to undertake to enforce the collection of his debt outside this court when the bankrupt sought relief in this proceeding. The referee based his denial of relief to the bankrupt on the ground that the granting of such relief would amount to the granting of a portion of the benefits intended to be afforded only by a discharge.

[1, 2] There is no insistence in this case that the relief sought by the bankrupt is needful to a proper administration of the assets of the estate. Any person has the right to institute voluntary bankruptcy proceedings as often as he likes, and under some circumstances is entitled to certain protection from harassment by his creditors, although he will not be entitled to discharge because of the granting of a discharge in a former proceeding within six years. But he is not entitled to have creditors prevented from pursuing remedies to collect debts from which he will not be discharged, unless more is shown than is developed in this case. In re Johnson (D. C.) 233 Fed. 841, 37 Am. Bankr. R., 597; Collier (13th Ed.) p. 400. If a bankrupt in the po-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sition of petitioner for review, without regard to the administration of his estate, could delay suits during the period in which he might apply for a discharge, which he cannot be given because of a former discharge within six years, the provisions of the act in regard to frequency of discharges would be nullified. The beneficent provisions of the act in regard to discharges do not give such protection to a bankrupt.

An order denying the petition of bankrupt for review will be entered.