### ZIMMERMAN v. EDEN, Referee in Bankruptcy.

#### No. 5217.

Court of Appeals of the District of Columbia.

Argued Nov. 5, 1931.

Decided Nov. 23, 1931.

**450**

Raymond M. Hudson, of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal from an order of the Supreme Court of the District of Columbia entered February 14, 1930, denying a motion to reinstate a voluntary petition in bankruptcy dismissed for want of prosecution by an order entered August 15, 1929.

The record shows that on the 11th of July, 1929, appellant filed a voluntary petition in bankruptcy in forma pauperis and was on that day adjudicated bankrupt. The petition was referred to the referee in bankruptcy, and on the 15th of July notice was duly sent to the bankrupt to provide or deposit indemnity for expenses to be incurred by the referee in giving and publishing notice of the first creditors' meeting. Similar notice was again mailed the bankrupt on the 19th of July, and, on the 15th of August, the bankrupt being still in default, his recalcitrancy was duly reported to the court with a recommendation from the referee that the petition be dismissed for want of prosecution, and on that day an order accordingly was passed by the Supreme Court of the District, sitting as a bankruptcy court. Six months later the bankrupt appeared by counsel and moved the court to reinstate the petition as of the date of the adjudication, and thereupon tendered the amount necessary to cover the expenses. This motion the court denied, and this appeal is taken from that order.

Section 18g of the Bankruptcy Law (11 USCA § 41(g) provides that upon the filing of a voluntary petition the judge (if in the district or subdivision of the district) shall make the adjudication or dismiss the petition, and section 55 (section 91) directs that the court shall cause the first meeting of creditors to be held not less than ten nor more than thirty days after the adjudication, and section 58 (section 94) provides that creditors shall have at least ten days' notice by mail of the proposed meeting and likewise that notice of the proposed meeting shall be published in a newspaper designated by the court. In order to carry out this provision as to notice, the Supreme Court, by General Order 10, has given authority to the referee to require indemnity from the bankrupt to cover these expenses. It will thus be seen that the practice provided by law and general orders contemplates and requires that in the order of adjudication the judge shall fix the time for the first creditors' meeting at a period not more than thirty days from the date of adjudication, and that the referee to whom the petition is referred and before whom the meeting of creditors must be held shall mail to the creditors and publish in a newspaper notice of the meeting at least ten days before the designated date, and since he may and should, before incurring the expense of mailing and publishing the notice, require indemnity, it is obviously the duty of the bankrupt to comply with the order requiring this to be done. In the present case, as we have already seen, the referee, in order to carry out the provisions of the law, twice gave notice to the bankrupt of the necessity of providing funds for this purpose, notwithstanding which the bankrupt did not appear, did not make the required deposit, and, so far as appears, made no effort to prosecute his petition. In these circumstances, there would be a serious omission in the mechanics of the act if the court were without power to dismiss the petition upon the failure of petitioner to obey its orders. But the bankrupt insists that, in spite of this, Congress has, by section 59g (11 USCA § 95(g), provided that neither a voluntary nor involuntary petition shall be dismissed by the petitioner for want of prosecution until after notice to creditors, but we think this provision has no relation to the preliminary steps whereby a voluntary bankrupt brings his petition into court. This was the conclusion reached by Mr. Justice Sanford, while District Judge, in Re Crisp (D. C.) 239 F. 419, 421, where he said:

"It is furthermore clear that the provisions of sections 58a and 59g of the Bankruptcy Act, as amended by sections 9½ and 10 of the Act of June 25, 1910, c. 412, 36 Stat. 838 [11 USCA §§ 94(a), 95(g)], that no application for the dismissal of a voluntary or involuntary petition shall be entertained until ten days notice has been sent to creditors of the proposed dismissal, when read together, relate only to dismissals upon application of a party in interest, and do not apply to the dismissal of a voluntary petition, upon the initiation of the court, and for the protection of its officers from the continuance of merely futile proceedings, on account of the bankrupt's own failure to take the preliminary steps necessary to bring the creditors before the court."

This we think is a clear and correct state-

ment of the law, for if it were otherwise a voluntary bankrupt might file his petition, secure an adjudication, draw to himself all the protection the law affords, and, by refusing to provide the costs of advertising and holding a creditors' meeting, postpone that necessary preliminary step until after the time limitation for filing proofs of claim had expired—an obvious absurdity. This of course may not be done.

The order of the lower court denying the petition for reinstatement is therefore affirmed, with costs.

Affirmed.