Subdivision (c) (9) of section 77B of the Bankruptcy Act, 11 USCA § 207 (c) (9), dealing with compensation to be paid by the debtor or out of the debtor's estate, is very general in terms. On the other hand, the section in its entirety makes it manifest that it is the duty of the court to keep expenses to the debtor or to a debtor's estate carefully within rather narrow limits. This is the view taken by my associates. See, for example, the memorandum of Judge Goddard dated November 27, 1934, In the Matter of the Petition of DeWitt Clinton Co., Inc., a Corporation (D. C. No. 60123) 11 F. Supp. 829.

With the view just stated in mind, I am persuaded that only two types of services rendered by the attorneys for the trust company come within the intention of the clause of the statute referred to. These are the services rendered to the trust company in guiding it as a depositary of the bonds and the services rendered to the debtor as the owner (through a subsidiary) of a portion of the bonds. As nearly as I can estimate, a reasonable value of those services is $500.

All I have said is without criticism of or in derogation of the value of the whole of the legal services rendered by the attorneys for the trust company; but I am persuaded that the attorneys must look elsewhere than to the debtor for compensation for such of those services as are outside of the two specific kinds which I deem to be within the statute.

I have signed an order accordingly.

Daniel P. Scannell, of Dunkirk, N. Y., for bankrupt.

RIPPEY, District Judge.

The District Court in which the adjudication in bankruptcy is made and in which the discharge is granted has power, in its discretion, to reopen the closed estate, without notice at any time [In re Rochester Sanitarium & Baths Co. (C. C. A.) 222 F. 22; In re Schreiber (C. C. A.) 23 F.(2d) 428; certiorari denied Schreiber v. Public Nat. Bank & Trust Co., 277 U. S. 593, 48 S. Ct. 529, 72 L. Ed. 1005; In re Paine (D. C.) 127 F. 246, 248; In re Levy (D. C.) 259 F. 314], upon the presentation of a verified petition, supported by affidavit, of the bankrupt [In re Graff (C. C. A.) 255 F. 241], or of a creditor who duly filed and proved his claim in the bankruptcy proceedings [In re Schreiber, supra; In re Graff (C. C. A.) 250 F. 997; Schofield v. Moriyama (C. C. A.) 24 F.(2d) 473, 475] from which it satis-

**In re HOPKINS et al.**

No. 16620.

District Court, W. D. New York.

Dec. 20, 1934.

**832**

factorily appears that the estate has not been fully administered [Bankruptcy Act § 2, subd. 8 (11 USCA § 11 (8); In re Schreiber, supra; Schofield v. Moriyama, supra; In re Newton (C. C. A.) 107 F. 429; In re O'Connell (C. C. A.) 137 F. 838; In re Lighthall (D. C.) 221 F. 791], and on no other ground. In re Spicer (D. C.) 145 F. 431; In re Sayer (D. C.) 210 F. 397; In re Newton, supra. Neither the bankrupt nor adverse claimants should be permitted to oppose an application of a creditor to reopen the case. In re Paine, supra; Hunter v. Commerce Trust Co. (C. C. A.) 55 F.(2d) 1.

The procedure, upon reopening the case, is for the district judge to refer the matter to the proper referee, who must thereupon call a meeting of creditors to select a new trustee inasmuch as the old trusteeship is not revived by the reopening. Bankruptcy Act, § 44a (11 USCA § 72 (a); In re Rochester Sanitarium & Baths Co., supra.

In this case, the petition is made ex parte by the bankrupt. It appears from the petition that he was adjudicated bankrupt on December 22, 1930; that a first meeting of creditors was held on January 9, 1931, at which time Howard P. Roberts was appointed trustee; that the discharge was granted July 10, 1931, and the case was closed on October 8, 1931. The petition also sets forth that certain real property owned by the bankrupt and his wife as tenants by the entirety was surrendered to his trustee and that the referee determined that the interest of the bankrupt therein was of no value, but that the trustee did not abandon the property and no order of abandonment was entered.

The bankrupt asks for an order reopening the case "and reappointing Howard P. Roberts, as Trustee, for the purpose of abandoning the said real estate." There is no power in this court to reopen the case for the purpose stated nor to reinstate the trustee.

The application is denied, and the petition dismissed.

## BRANCH et al. v. COMPAGNIE GENERALE TRANSATLANTIQUE.

*District Court, S. D. New York.*
May 22, 1935.

Haight, Smith, Griffin & Deming, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for defendant.

Ernst, Gale, Bernays & Falk, of New York City (Harold Abrams, of New York City, of counsel), for plaintiffs.

HULBERT, District Judge.

It seems to be well settled that a shipowner does his whole duty if he employs a duly qualified and competent surgeon and medical practitioner, and supplies him with all necessary and proper instruments, medicines, and medical comforts, and has him in readiness for such passengers as choose to employ him. The Great Northern (C. C. A.) 251 F. 826, quoting from O'Brien v. Cunard Steamship Co., 154 Mass. 272, 28 N. E. 266, 13 L. R. A. 329. The Korea Maru (C. C. A.) 254 F. 397, can be distinguished for in that case the patients were steerage passengers for whom special provision is made by law. 46 USCA § 155. The pleading to which the motion is addressed is badly phrased and does not establish a cause of action. Motion granted, but with leave to amend within ten days if plaintiff chooses to do so.

Settle order on notice.