## HOLMES v. DAVIDSON.

### No. 7948.

Circuit Court of Appeals, Ninth Circuit.

May 25, 1936.

Nathan G. Gray, of Berkeley, Cal., for appellant.

John F. O'Brien, of Oakland, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

On January 27, 1934, Abe Davidson filed petition in voluntary bankruptcy show-

ing outstanding debts of $423.45, with no assets. On January 29, 1934, he was adjudicated a bankrupt and by the order of adjudication required to attend before the referee February 9, 1934, at 10 o'clock a. m. On January 30, 1934, the referee notified the bankrupt that an initial expense fee was required to be paid before further proceedings could be had in bankruptcy. This initial fee not having been paid, the referee, on December 22, 1934, recommended the dismissal of the proceedings in bankruptcy for failure to prosecute the same in compliance with the Bankruptcy Act, and on December 24, 1934, the proceedings were dismissed. Prior to such dismissal, however, on December 11, 1934, the bankrupt had filed this proceeding in bankruptcy and on the 12th of December, 1934, was adjudicated bankrupt herein. He paid the initial expense fee, and on January 29, 1935, a meeting of the creditors was held and this proceeding has gone forward in compliance with the law.

In this proceeding the debts, amounting to $906.85, were scheduled, including a debt of $154.55 of S. O. Holmes, appellant, which had been included in the schedules in the first petition in voluntary bankruptcy.

The appellant, disregarding the second adjudication in bankruptcy, procured a writ of execution upon a judgment which had been rendered by a justice's court of the state upon his scheduled claim and garnisheed the salary of the bankrupt, whereupon the bankrupt applied for an injunction against further prosecution of the claim in the state court which was granted.

The trial court allowed an appeal from this order and an application was made to this court also for the allowance of an appeal under section 24b of the Bankruptcy Act (11 U.S.C.A. § 47 (b). As the matter is clearly a proceeding in bankruptcy, as distinguished from a controversy, the order of the trial court did not vest this court with jurisdiction. The appellant so concedes upon the argument. Action upon petition to this court for leave to appeal under section 24b of the Bankruptcy Act was suspended until the hearing of the appeal upon the merits. We therefore dismiss the appeal which was approved by the trial judge. We will allow the appeal to this court. In so doing we are influenced by the fact that the matter has been fully presented by briefs and transcript and argument on the merits. Appellant's contention is that where there are two bankruptcy proceedings instituted by the same person a dischargeable debt which was listed in the first bankruptcy proceeding and subject to discharge therein is not a dischargeable debt in the second proceeding where no discharge was granted in the first proceeding. In support of this contention, he cites Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; In re Loughran (C.C.A.3) 218 F. 619; In re Bacon (C.C.A.5) 193 F. 34; Kuntz v. Young (C.C.A.8) 131 F. 719. None of these decisions are directly applicable to a case where the first bankruptcy proceeding was dismissed by the court sua sponte before the period for applying for discharge had elapsed and where no such application had been made. The Bankruptcy Act, § 11a (11 U.S.C.A. § 29 (a), provides for a stay order such as that granted by the trial court in case of a "suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him." It has been frequently held by various District Courts that the right to such a stay under section 11a, supra, exists only in the case of dischargeable debts. In re Stone, 278 F. 566 (D.C.N.Y.1922); In re Dowie, 202 F. 816 (D.C.N.Y.1912); In re Northrup, 265 F. 420 (D.C.N.Y. 1920); In re DeGraaf, 22 F.(2d) 163 (D.C.Mich.1927); In re Carmichael, 300 F. 255 (D.C.Ala.1924); Remington on Bankruptcy (4th Ed.) § 3468. See, also, decision by the Fourth Circuit Court of Appeals, Family Small Loan Co. v. Mason, 67 F.(2d) 207. The Supreme Court in Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, had under consideration the effect of a failure to apply for discharge in a pending bankruptcy proceeding upon a subsequent proceeding in bankruptcy. The Supreme Court in that case stated: "Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts. [Citing cases.] A proceeding in bankruptcy has the characteristics of a suit, and since the denial of a discharge, or failure to apply for it, in a former proceeding, is available as a bar, by analogy the pendency of a prior application for discharge is avail-

able in abatement as in the nature of a prior suit pending, in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause."

It is clear from cases cited above that if the bankrupt in a pending bankruptcy proceeding fails to apply for a discharge within the statutory time, he cannot be discharged in a subsequent proceeding from the debts scheduled and provable in the first proceeding from which he might have secured a discharge if he had made timely application therefor. The special master to whom the bankrupt's application for an injunction was referred herein, in his opinion and recommendation to the trial court, held that the right of the bankrupt to a discharge in this second proceeding depended upon the question of whether or not the prior bankruptcy proceeding was res judicata upon the question of dischargeable debts, and in pursuance of that theory held that the dismissal for lack of prosecution of the first proceeding was not a bar to a discharge in this second proceeding.

We may assume that there was no res judicata as to dischargeable debts where there was a dismissal of the prior proceeding for lack of prosecution, but the right to a discharge in a second bankruptcy proceeding depends in this case upon an entirely different principle.

The right to a discharge in bankruptcy is not an unqualified right. It depends upon a compliance by the bankrupt with the statute which authorizes the discharge. One of the requirements is that he must present his application for discharge after the adjudication in bankruptcy, and within the twelve months' period thereafter or within an extension of that period not exceeding six months (11 U.S.C.A. § 32). It is uniformly held that a bankrupt cannot extend his time for making his application for discharge by the mere device of filing a second voluntary petition in bankruptcy. He cannot allow the time to file his petition for discharge to expire, and then file a new petition in bankruptcy and by so doing extend his time for making such application for an additional twelve months as to a debt scheduled in the first bankruptcy proceeding. In re Schaefer (C.C.A.) 80 F.(2d) 387. In the application of this rule it is immaterial whether he filed an application for discharge in the first proceeding which was dismissed [Pollet v. Cosel (C.C.A.1) 179 F. 488, 30 L.R.A.(N.S.) 764] or denied [In re Fiegenbaum (C.C.A.2) 121 F. 69], or whether he failed to do so [Loughran v. Hazelton Merc. Co. (C.C.A.3) 218 F. 619; Siebert v. Dahlberg (C.C.A.8) 218 F. 793; In re Bacon (C.C.A.5) 193 F. 34; Kuntz v. Young (C.C.A.8) 131 F. 719; Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193], for in any event, the legal effect on his right to a discharge as to debts scheduled in the first proceeding would be the same.

The only distinction between the case at bar and the decisions we have cited, is in the fact that here the second proceeding in bankruptcy was brought within less than twelve months after the first proceeding was initiated. If it is true, as the courts have repeatedly held, that the bankrupt cannot extend his time for filing the application for discharge by the device of instituting a new proceeding in bankruptcy, it is clear that the bankrupt must have filed his application for discharge within twelve months in the first proceeding in order to apply therefor within the statutory period, that is to say, on or before January 26, 1935, plus such additional time as the court might give, not exceeding six months. We need not consider whether his statutory right to apply for a discharge in the first proceeding within twelve months was affected by the premature dismissal of the entire proceeding, which has been doubted [In re Mayer (D.C.) 4 F.Supp. 203], for the bankrupt made no such application. In any event, we conclude that so far as a discharge is concerned the second bankruptcy proceeding should be considered as a continuance of the first. His application for a discharge, therefore, must have been filed in either the first or second proceeding before January 27, 1935. There is no claim that this has been done. Consequently, there is no basis for holding that the appellant's claim is a dischargeable debt, hence, the injunction was erroneous.

Reversed.