In re SCHWARTZ.

No. 311.

Circuit Court of Appeals, Second Circuit.

April 5, 1937.

Forrest S. Chilton, of Brooklyn, N. Y., for bankrupt.

David Haar, of New York City (Robert H. Epstein, of New York City, of counsel), for objecting creditor.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Schwartz was adjudicated a bankrupt upon his voluntary petition filed on March 10, 1936. In due course he filed an application for discharge, and a creditor filed specifications of objection which were referred to a special master. The master's report sustained the specifications of objection and recommended denial of the discharge. Exceptions thereto were filed by the bankrupt, and the district judge confirmed the report, except as to the first specification, which he overruled. From this order the bankrupt appealed because it denied him a discharge, and shortly thereafter the objecting creditor appealed because he thought himself aggrieved by the overruling of the first specification of objection.

■ It is obvious that an objecting creditor cannot be aggrieved by an order which denies the bankrupt his discharge. Denial of the discharge gives the full measure of relief sought by the creditor; and he has obtained it whether the judge rests his decision on one ground or another. Plainly the creditor would have been satisfied with the order, if the bankrupt had not appealed. The notion seems to be that because the judge ruled that the first specification was insufficient in law, the creditor must appeal

from that ruling in order to be able to urge that specification as a ground for sustaining the order on the bankrupt's appeal. This is a complete misconception of the rights of an appellee. It is the correctness of the judgment, not the legal reasoning by which it was reached, that an appeal challenges, Gideon v. Hinds, 238 F. 140 (C.C.A.2); In re Eastern Palliament Corp., 67 F.(2d) 871, 874 (C.C.A.2), and the appellee may support the judgment or decree by anything in the record, although his argument may involve an attack upon the reasoning of the lower court, or insistence upon a contention which it rejected. United States v. American Ry. Exp. Co., 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087; Langnes v. Green, 282 U.S. 531, 538, 51 S.Ct. 243, 246, 75 L.Ed. 520; Williams v. Bank of America Nat. Ass'n, 55 F.(2d) 884, 888 (C.C.A.2). A successful litigant is not injured, and may not appeal, merely because a court has rejected or failed to adopt some of his contentions. Aberly v. Craven County, 70 F. (2d) 52 (C.C.A.4). The objecting creditor's appeal will be dismissed.

The ground of objection set up in the first specification is a prior proceeding in bankruptcy. On February 13, 1935, the bankrupt filed a voluntary petition upon which adjudication was entered and the proceeding was referred to a referee in bankruptcy. Because the bankrupt never paid the indemnity required pursuant to General Order 10 (11 U.S.C.A. following section 53), the referee, in August, 1935, filed a recommendation of dismissal, acting under Rule 25 of the Bankruptcy Rules for the Eastern District which provides that if no meeting of creditors has been held within six months after adjudication the referee may file a certificate to that effect and "thereupon the case shall be deemed closed." Nothing further transpired until the bankrupt instituted the present proceeding by filing his voluntary petition of March 10, 1936. The same debts were scheduled by the bankrupt in both proceedings. On May 13th the bankrupt applied for a discharge in the present proceeding. The referee before whom the specifications of objection were heard, thought that the bankrupt's failure to apply for a discharge in the prior proceeding was a bar to discharging the same debts in this proceeding; the district judge held the contrary.

■ Although the Bankruptcy Act provides that the granting of a discharge shall bar a subsequent discharge within six years [11

U.S.C.A. § 32(b) (5)], there is no provision as to the effect to be accorded a prior proceeding in which no discharge was obtained. But there is a considerable body of case law on the subject. As long ago as 1903 this court dealt with it in Re Fiegenbaum, 121 F. 69. There the bankrupt was denied his discharge on the merits in the first proceeding, and a few months thereafter filed a second petition. The debts and assets involved in the two proceedings were the same. We held that he should be enjoined from applying for a discharge in the second proceeding, Judge Coxe saying, at page 70, that where a discharge is refused on the merits, "both parties are bound by it and neither party should be permitted to try the same question again; it is res judicata." In the case of In re Kuffler, 151 F. 12, we applied the same rule when the bankrupt's application for discharge in the first proceeding had been dismissed for lack of prosecution, instead of denied on the merits. In this case there were certain additional creditors whose claims had arisen subsequent to the first petition. As to them the bankrupt was permitted to get a discharge, but not so with respect to the original creditors. The next case, In re Silverman (C.C.A.) 157 F. 675, involved a bankrupt who had failed to make any application for a discharge in his first proceeding. Here, too, we held that he could not thereafter file a second petition and obtain a discharge from the debts which were scheduled and provable in the previous bankruptcy. It does not appear that more than twelve months had elapsed since the first adjudication, but we think it may be so assumed from the authorities cited in the opinion. Cases to the same effect may be found in other circuits. Kuntz v. Young, 131 F. 719 (C.C.A.8); In re Bacon, 193 F. 34 (C.C.A.5); In re Loughran, 218 F. 619 (C.C.A.3); Horner v. Hamner, 249 F. 134, 138, L.R.A.1918E, 465 (C.C.A.4); Monk v. Horn, 262 F. 121 (C.C.A.5); Holmes v. Davidson, 84 F.(2d) 111 (C.C. A.8). Most of these cases, and others, were cited by the Supreme Court in Freshman v. Atkins, 269 U.S. 121, 123, 46 S.Ct. 41, 70 L.Ed. 193, in support of the proposition that denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts. While there can be no doubt that this is the law, the reasons given for the decisions have not been always the same. In our opinion the most convincing reason is that to grant a discharge in the second proceeding as against debts provable in the first would, in effect, permit the bankrupt to evade the limitation contained in section 14a [11 U. S.C.A. § 32(a)], which requires him to apply for a discharge within twelve months of his adjudication, unless "unavoidably prevented," in which case he may have six months more for filing his application. See Freshman v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 42, 70 L.Ed. 193.

■■ The district judge held that the case at bar falls outside the rule declared by the above authorities. The argument is that the referee's recommendation of dismissal terminated the bankruptcy proceedings in August 1935, and since the bankrupt could only apply for a discharge in a pending proceeding, the statutory limitation of section 14a was not applicable. We are unable to agree with this conclusion. The filing of the petition, followed by adjudication, gave the bankrupt the privilege of seeking a discharge from provable and dischargeable debts, conditioned upon filing his application not less than one month nor more than twelve months thereafter in the bankruptcy court "in which the proceedings are pending." That condition he did not satisfy and thereby the privilege was lost. If the bankrupt had attempted unsuccessfully to obtain a reinstatement of the first proceeding [see Zimmerman v. Eden, 60 App.D.C. 338, 54 F.(2d) 449], he might have promptly filed his second petition and have applied for a discharge therein before the expiration of twelve months from his first adjudication. It may well be that under such circumstances, a failure to obtain a discharge in the first bankruptcy would not have barred him from securing it in the second, though we need not so decide since he did not do this. In fact, he made no attempt to reopen the first proceeding and he waited until May 13th before applying in the second proceeding. This was fifteen months after his first adjudication, and he has made no showing that he was "unavoidably prevented" from applying within twelve months. The courts of this circuit have been strict in applying this exception. In re Taylor, 22 F.(2d) 499 (C.C.A.2); In re Malta, 58 F.(2d) 771 (D.C.W.D.N.Y.); In re Goldstein, 40 F. (2d) 539 (D.C.E.D.N.Y.). The inference is inescapable that he has sought by this method to extend the statutory period within which to seek a discharge from the debts

scheduled in his first proceeding. This he may not do. What little authority there is supports this conclusion. In Holmes v. Davidson, 84 F.(2d) 111 (C.C.A.9), the first adjudication was on January 29, 1934. On December 24, 1934, the proceedings were dismissed for the same reason as in the case at bar, namely, that the bankrupt had failed to pay the initial expense fee. Prior to such dismissal he had filed his second petition, upon which adjudication was entered December 12, 1934. In the second proceeding he filed no application for discharge until more than a year after his first adjudication. It was held that he could obtain no discharge against debts provable in the first bankruptcy, and consequently it was error to enjoin a judgment creditor from garnishing the bankrupt's salary. In re Loughran, 218 F. 619 (C.C.A.3), is another case where the first proceeding was closed before the expiration of a year from adjudication. The failure to apply for a discharge in that proceeding was held to bar discharge in a subsequent proceeding with respect to the same debts, although there the second petition was not filed until more than 18 months had elapsed. See, also, In re Mayer, 4 F.Supp. 203, 204 (D.C.E.D.N.Y.).

We conclude, therefore, that the first specification of objection should have been sustained. This is enough to support denial of the discharge and it becomes unnecessary to consider the other grounds of objection.

Order affirmed on the bankrupt's appeal; creditor's appeal dismissed.