### In re BOYNTON et ux.
#### No. 34673.

District Court, W. D. Washington, N. D. July 20, 1938.

268

W. B. Magee, of Seattle, Wash., for bankrupts.

NETERER, District Judge.

A bankruptcy court in a strict sense is a court of equity, and is guided by equitable principles in administering the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., for the benefit of the debtor and the creditors. Harris v. Shafer & Co., 8 Cir., 10 F.2d 351; In re De Ran, 6 Cir., 260 F. 732; In re Young, 4 Cir., 294 F. 1; Searle v. Mechanics' Loan & Trust Co., 9 Cir., 249 F. 942. Equity in the process of development has assumed the qualities of a composite system. Expansive rather than abstract in the settled rules by which rights are measured and process invoked—not always defined. Equity does not create new rights, but affords a remedy for existing rights. The entrance to the portal of equity is not branded, labeled or limited,

269

nor is equity or its process static. A court of equity may contrive new remedies, the remedies at law being inadequate. Joy v. St. Louis, 138 U.S. 1, 11 S.Ct. 243, 34 L.Ed. 843; Berdie et al. v. Kurtz et al., 9 Cir., 88 F.2d 158.

Under General Order 11, 11 U.S.C.A. following section 53, 89 F. VII, the court may allow amendments to petitions, and schedules. Under Equity Rule 28, 28 U.S.C.A. following section 723, (Hopkins) amendments may be made in a bill for omission or mistake of some fact. Shields v. Barrow, 58 U.S. 130, 17 How. 130, 15 L.Ed. 158. Any defect in a bill may be remedied by amendments. Mellor v. Smither, 5 Cir., 114 F. 116–120. It may also be said that amendments are discretionary and not reviewable except for gross abuse. Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800, and cases cited at page 681, 9 S.Ct. 426. The ends of justice must not be sacrificed by too rigid attention to technical rules. Hardin et al. v. Boyd, 113 U.S. 756, 5 S.Ct. 771, 28 L.Ed. 1141; Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864. Sec. 11, subd. (8), 11 U.S.C.A., gives the court power to reopen a bankruptcy proceedings, "whenever it appears they were closed before being fully administered". The concluding portion of this section provides: "nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

The court has inherent power as well as by the law, to reopen an estate when new assets are discovered, and for sufficient reasons to enlarge the time to file a claim, and reopen the estate for that purpose, and thereby enable a creditor to receive his distributive portion of the bankrupt estate. In re Frank, D.C., 278 F. 390; see also In re Pitts, 4 Cir., 37 F.2d 227. By the same token for inadvertence and mistake, the court may amend the schedule to include an omitted creditor. After this amendment however, the case must be referred to the Referee for the purpose of notice to all creditors and a time for hearing and examination of the bankrupt and election of a trustee to the end that all creditors may have the opportunity of the privileges and rights granted by the Bankruptcy Act.

The motion to amend the schedule is allowed.