## In re PERLMAN.
### No. 55.

Circuit Court of Appeals, Second Circuit.

Dec. 2, 1940.

Arthur L. Newman, II, of New York City (Herbert E. Kaufman, of New York City, on the brief), for appellant.

No appearance for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This appeal raises the question of the propriety of reopening an estate which had been closed for failure of the bankrupt to deposit the indemnity required for the expenses of calling the first meeting of creditors.

The appellant, a judgment creditor of Perlman, had caused an order in supplementary proceedings to be served on him, returnable September 7, 1939. Before the return day Perlman was adjudicated a bankrupt upon his voluntary petition filed September 2, 1939. The bankruptcy proceeding was referred to one of the referees in bankruptcy, who, on March 28, 1940 filed his certificate closing the estate because the bankrupt, although twice notified to do so, had failed to deposit the $15 indemnity required for calling the first meeting of creditors. On April 11th, the clerk of the court returned to the bankrupt's attorney part of the original filing fee, thus informing him that the case was closed. Thereafter the appellant caused a garnishee execution to be issued on its judgment. This was served on the bankrupt's employer on April 16th, and the following day the bankrupt obtained from Judge Goddard an ex parte order staying the appellant from proceeding with its garnishment. It was obtained without disclosure to the court that the bankruptcy case had been closed. Upon this ground the appellant promptly moved to vacate the stay, but before the motion came on to be heard the bankrupt obtained from Judge Leibell an ex parte order reopening the estate and referring it to the referee, upon deposit by the bankrupt of the required indemnity. On the ground that the bankrupt's petition did not disclose to Judge Leibell all of the pertinent facts and showed no sufficient cause for reopening the case, the appellant moved to vacate this order. Both motions were heard by Judge Conger, and each was denied on June 4, 1940. These are the orders appealed from.

█ Section 2, sub. a(8), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(8), authorizes the court to close estates for failure to furnish "the indemnity necessary for the expenses of the proceeding or take the steps necessary for the administration of the estate; and reopen estates for cause shown." What constitutes "cause" is not defined and lies primarily within the discretion of the district judge; only for plain abuse of discretion should his decision be reversed. In the case at bar the bankrupt's sole excuse for not having deposited the indemnity is that he was employed by a bank "and could not get away from his position during working hours in order to appear at any hearing that would be set." His affidavit goes on to say that arrangements have now been made with his employer so that he will be able to appear at hearings; but no reason is offered why similar arrangements could not have been made before, and nothing suggests that he ever attempted to make them, or to confer with the referee with regard to calling the meeting of creditors at a time that would not interfere with his employment.

█ The obvious inference is that having by his adjudication succeeded in staying the then pending supplementary proceedings upon the appellant's judgment, the bankrupt had obtained all the benefit he immediately desired and was content to abandon prosecution of his bankruptcy proceeding in order to avoid the inconvenience

of testifying. The Act contemplates expedition in calling the first meeting of creditors and it imposes upon a bankrupt the obligation to appear thereat for examination. 11 U.S.C.A. § 91 subs. a and b. If he would have the benefits of bankruptcy he must accept its burdens. He should not be permitted to delay the meeting of creditors for seven months to suit his own convenience. See Zimmerman v. Eden, 60 App.D.C. 338, 54 F.2d 449. Such delay is inimical to the interests of creditors, for it may make more difficult the production of evidence bearing upon the discovery of assets not inventoried or upon the bankrupt's right to a discharge from his debts. Some excuse for the delay should be shown, if the estate is to be reopened.

■ In the view of a majority of the court the excuse offered for failure to deposit the security is so flimsy that it cannot properly be recognized as "cause" for reopening the estate. Without such reopening the stay order must fall. Both motions to vacate should have been granted. The orders denying them are reversed.

CLARK, Circuit Judge (dissenting).

I think this is typically the kind of case where wise bankruptcy administration calls for a wide measure of discretion in the trial court, with resort to other tribunals discouraged. Certainly expeditious settlement of bankrupt estates is not fostered by appeals such as this. The change effected by the Chandler Act in Bankruptcy Act, § 2, sub. a(8), 11 U.S.C.A. § 11, sub. a(8), to provide for the reopening of closed estates "for cause shown," instead of "whenever it appears they were closed before being fully administered," 11 U.S. C.A. § 11 (8), emphasizes this reliance on judicial discretion. And there is serious doubt whether a creditor—now forbidden to oppose an involuntary petition—can appeal here. Hunter v. Commerce Trust Co., 8 Cir., 55 F.2d 1, citing cases; In re Hopkins, D.C.W.D.N.Y., 11 F.Supp. 831; 1 Moore's Collier on Bankruptcy, 14th Ed., p. 233; compare Bankruptcy Act, § 18, sub. d, 11 U.S.C.A. § 41, sub. d; Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468, 469; 2 Moore, op. cit. 66.

But if we are to review the discretion exercised separately by the three judges below, I think a correct result was reached. The last of the three, Conger, J., reviewed all the prior proceedings carefully. D.C.

S.D.N.Y., 34 F.Supp. 684. And Judge Leibell, who granted the original order to reopen, had all the salient facts before him, including the original adjudication, September 2, 1939, and the closing of the case on March 27, 1940, for failure to deposit the fee for the creditors' first meeting. It seems, too, that the bankrupt acted within five days after he received notice through the return of part of his original filing fee. I should have thought it undesirable then to have forced him to file schedules anew; all it would have meant, outside of delay, was a net loss of $25 of the filing fee—probably too small a sum to furnish an object lesson to other dilatory bankrupts. Perhaps a more vital objection is the possible inequity to the bankrupt's present creditors; by our interference at this late day we make absolute the garnishment lien of a 1933 creditor with a dischargeable claim. As the House Committee said in reporting the Chandler bill [H.R.Rep. No. 1409, 75th Cong., 1st Sess. (1937) 17]: "A creditor should not be permitted to oppose an adjudication; invariably, the motive of such a creditor is to protect a preference or to retain some other undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the act—an equitable distribution among all creditors."