**In re CAPEHART CORPORATION, Debtor.**

**Bankruptcy No. 79 B 243 (EJR).**

United States Bankruptcy Court, S.D. New York.

Aug. 9, 1983.

Salon, Marrow, Dykman & Trager, New York City, for debtor.

## DECISION AND ORDER ON MOTION TO REOPEN CHAPTER XI PROCEEDINGS

EDWARD J. RYAN, Bankruptcy Judge.

By Motion To Reopen Chapter XI Proceedings, the Debtor in Possession[1] moves "for an order pursuant to Section 350 of Title XI [sic] United States Code and Rule 515 of the Bankruptcy Rules reopening the above entitled matter on the ground that a Plan of Reorganization may be successfully implemented because of newly recognized assets of the debtor, and for such other and further relief as to this Court shall seem just and proper."[2]

In support of the motion is an affidavit of Marvin Margolis which states, in pertinent part:

1. I am the President and chief executive officer of the debtor in possession. I make this affidavit in support of a motion to reopen the proceedings filed on February 15, 1979.

2. On February 15, 1979, the debtor filed a voluntary petition under Chapter XI of the Bankruptcy Act. Because no Plan of Reorganization was able to be implemented and because it was believed in April 1981 that the debtor had distributed all of its useable assets, this Court entered an order dated June 2, 1981, (a copy of which is attached hereto as Exhibit "A") dismissing these bankruptcy proceedings. I now believe, however, that it may be possible to have a successful Plan of Reorganization which would ultimately benefit the creditors. It is for this reason that I am asking this Court to reopen the proceedings.

3. Specifically, it appears that the debtor has a substantial tax loss carryforward which, in the appropriate circumstances, could be at least partially utilized. I have therefore been approached by Gerald M. Wetzler who has offered to reorganize the corporation so as to utilize this asset.

4. Both Mr. Wetzler and I recognize that because the debtor at the present time has no other assets, it could not by itself afford the costs of reorganization and having it confirmed (e.g. legal expenses, mailings, etc.). Mr. Wetzler and I, on behalf of the debtor, have agreed that in return for an option to purchase 44% of the debtor's stock after reorganization for $200,000, Mr. Wetzler will pay $30,000 to the debtor in possession. This money would be used towards defraying the necessary expenses of presenting and confirming a Plan of Reorganization for the debtor in possession. I believe the $30,000 to be sufficient to do this.

5. Although approximately two years have intervened since the order of dismissal was entered, no party will be prejudiced by the reopening of the proceedings. In the event that a Plan of Reorga-

---

1. The arrangement proceedings having been dismissed, there is a debtor, not a debtor in possession.

2. The case, having been filed prior to October 1, 1979, it is in effect to be deemed that the Code had not become law. 11 U.S.C. § 403(a) (1978). *Cf. Geiger Enterprises, Inc. v. Central Trust Co.,* 635 F.2d 106 (2d Cir.1980).

nization is successfully confirmed, it is my understanding that Mr. Wetzler will seek to obtain earning assets for the debtor company so as to take advantage of the debtor's tax loss carryforward. The result of this could only be that the creditors (who will end up with 56% of the stock) could in the future receive substantial benefits. If the matter is not reopened they would not have a chance of receiving any benefits.

6. It is therefore requested that this Court enter an order reopening the proceedings and directing that notice of said reopening be given to all creditors; that the creditors committee be reconstituted and that creditors be directed to show cause if any they have why the option agreement between the debtor and Gerald M. Wetzler should not be approved by this Court. To this end your affiant has submitted a proposed form of order.

WHEREFORE, your affiant respectfully requests that this Court enter an order reopening the bankruptcy proceedings of the debtor, and for such other and further relief as to this Court shall seem just and proper.

In substance, Capehart Corporation, which had been restored to the business world on the dismissal of its proceedings for an arrangement under Chapter XI of the Bankruptcy Act, now seeks a second bite at the apple[3] to exploit an asset, the existence of which had been known to it and to its creditors during the unsuccessful attempt to achieve confirmation of a plan under the now moribund Bankruptcy Act.

A memorandum was submitted which urges that "This Court Should Exercise Its Discretion In Favor Of Reopening These Proceedings In Order To Allow Creditors To Realize On Certain Assets."

This point in full is now quoted:

The only remaining asset which Capehart Corporation has is a tax loss carryforward. This asset will not be useable unless the company has been rehabilitat-

ed under a Plan of Arrangement so that it may acquire profitable companies.

Where the Chapter XI proceeding has been commenced prior to December 30, 1980, the creditors may receive the total benefit of the tax loss carryforward.

In contrast, where a proceeding is commenced after December 31, 1980 for each dollar of reduction in debt achieved by a reorganization, an equivalent dollar of the tax loss carryforward is lost. Accordingly, the result of filing a new petition under the current code would mean that the tax loss carryforward, which is Capehart Corporation's only remaining asset, would be largely lost.

Thus the only way of rehabilitating Capehart Corporation and preserving its only asset is to reopen the bankruptcy proceedings which were commenced in 1979.

Debtor's Memorandum pp. 3–4.

The authorities demonstrate that the bankruptcy process is to be utilized for the benefit of debtors and creditors but with reasonable limitations. Among the limitations is the concept that the opportunity for exploitation of an asset is to be afforded to the parties in interest only within reason. Where the parties, the debtor and the creditors have not taken advantage of the opportunity to utilize an asset prior to the closing of a case, the bankruptcy process should not be burdened with repetitious efforts to exploit the asset. *See Saper v. Viviani*, 226 F.2d 608 (2d Cir.1955); *In re Perlman*, 116 F.2d 49 (2d Cir.1940).

The asset in question was not concealed from or unknown to the debtor and its creditors prior to the dismissal of the Chapter XI proceeding. In line with the logic of *Saper v. Viviani, supra*, and *In re Perlman, supra*, where an unconcealed asset is available for the debtor's use prior to the dismissal of the Chapter XI proceeding, that proceeding should not be reopened simply to

---

**3.** *Cf.* Brewer's Dictionary of Phrase & Fable (4th Ed. 1981): "To make two bites of a cherry. To divide something too small to be worth dividing; to take two spells over a piece of work that should be done in one."

allow post case closing utilization of that asset.

Accordingly, the application is denied. It is so ordered.