### NEVINS v. BROOKLYN CITIZEN.

(Supreme Court, Appellate Division, Second Department. January 28, 1916.)

1. BANKRUPTCY ⬤⟶302—ACTION BY BANKRUPT—DEFENSES.

In view of the gravity of concealment of assets, the state courts, in an action by a former bankrupt, should on discovery allow defendant to amend its answer, to show that the cause of action had passed to the bankrupt's trustee.

[Ed. Note.—For other cases, se Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. ⬤⟶302.]

2. PLEADING ⬤⟶245—AMENDMENT—LACHES.

In an action by a former bankrupt, the fact that its bankruptcy had appeared on the pages of the defendant newspaper does not show the company was guilty of laches in failing in the first instance to aver that the cause of action had passed to the trustee, so as to preclude it from settling up such fact by amendment to its answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 635, 653–675; Dec. Dig. ⬤⟶245.]

Appeal from Special Term, Kings County.

Action by Thomas F. Nevins against the Brooklyn Citizen. From an order granting leave to defendant to serve an amended answer,

setting up as a defense and counterclaim that the title to the cause of action passed to plaintiff's trustee in bankruptcy, and from such order as resettled, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Michael M. Helfgott, of Brooklyn (J. Herbert Watson, of Brooklyn, and Thornton J. Theall, of New York City, on the brief), for appellant.

John F. Clarke, of Brooklyn (Peter P. Smith, of Brooklyn, on the brief), for respondent.

PER CURIAM. [1, 2] The Special Term, in its discretion, imposed costs before and after notice of trial, with a single term fee as a condition of granting leave to amend the answer, so as to set up as a defense that plaintiff had no title to the cause of action by reason of his bankruptcy, and the appointment of a trustee, with two counterclaims for money paid on the faith of plaintiff's title. Considering the gravity of a bankrupt's concealment of assets (Bankr. Act July 1, 1898, c. 541, § 29b [1], 30 Stat. 554 [U. S. Comp. St. § 9613] ; U. S. v. Rhodes [D. C.] 212 Fed. 513), the state court should not aid a former bankrupt in suing upon a cause of action which of right belonged to the trustee for the benefit of creditors. The fact that in 1901 this bankruptcy was a matter of public news, and was the subject of journalistic comment in defendant's issues, did not charge defendant's motion with laches. When the plaintiff's testimony brought out that, at the time of his bankruptcy, plaintiff owned these certificates, defendant promptly moved to set this up.

The orders appealed from, therefore, are affirmed, with $10 costs and disbursements.