### In re GRAFF et al.

### Petition of PEOPLE'S TRUST CO.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 91.

BANKRUPTCY ⊜⇒372—COURTS OF BANKRUPTCY—POWER TO REOPEN ESTATES.

It is within the power of a bankruptcy court to reopen a bankruptcy proceeding on petition of the bankrupt, although settlement has been made with all creditors, if satisfied that there are unadministered assets which should be administered for his benefit.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of G. Edward Graff and Thomas F. Nevins, individually and as partners, bankrupts. On petition of the People's Trust Company as executor, to revise order of District Court (255 Fed. 239). Petition dismissed.

See, also, 250 Fed. 997, —— C. C. A. ——.

Walter H. Merritt, of New York City (David W. Kahn, of New York City, of counsel), for petitioner.

J. Herbert Watson, of Brooklyn, N. Y. (Michael M. Helfgott, of Brooklyn, N. Y., of counsel), for bankrupts.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is a petition by the People's Trust Company, as executor of Edward Johnson, deceased, to revise an order of Judge Garvin, affirming the order of the referee (255 Fed. 239), to whom the matter had been referred, reopening the bankruptcy of G. Edward Graff and Thomas F. Nevins, individually and as copartners composing the firm of G. Edward Graff & Co., bankrupts, appointing a trustee and directing him to turn over to Thomas F. Nevins, one of the former bankrupts, certain unadministered assets belonging to him, which he alleges were inadvertently omitted from his schedules, notably 412 shares of stock in the Brooklyn Citizen standing in his name.

The People's Trust Company as executor of Johnson, had previously filed a petition to reopen the estate for the purpose of having this same property administered, which petition Nevins opposed and Judge Chatfield denied. His order in this respect was affirmed by us on the ground that neither Johnson, deceased, nor the People's Trust Company, his executor, were creditors of the bankrupts. 41 Am. Bankr. Rep. 32, 250 Fed. 997, —— C. C. A. ——. We have no disposition to depart from our former decision, and it being res adjudicata between the parties is enough to justify dismissal of this petition to revise.

But we think it proper to consider the petitioner's contention that the District Court was without power to reopen the estate upon the application of the bankrupt, if there were no creditors before the court

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to be benefited. We think it within the power of the court to reopen a bankruptcy proceeding, if satisfied that there are unadministered assets which should be administered for the benefit of the bankrupt. Applications to reopen are almost always made by creditors, but we have no doubt the court may in a proper case exercise its discretion, when the fact is presented by the bankrupt. It appeared in the former case, the record of which is made a part of the present record, that a settlement was made with the creditors all of whose claims were vested in Johnson, as trustee. The method of carrying out the settlement was informal and irregular, but we are satisfied that the creditors received all they were entitled to. Mutual releases were exchanged between Johnson, their trustee, and the former bankrupts; both the trustee and the bankrupts being discharged and the estate wound up. The bankrupt Nevins was therefore entitled to any surplus of assets belonging to him. In his petition to reopen now under consideration he states that the assets in question were inadvertently omitted from the schedules. If they had been scheduled, it would have been the duty of the original trustee to transfer them to him. The result is that his title is clouded, and is denied by the Brooklyn Citizen, which sets up the defense in a pending suit that the stock belongs to the trustee in bankruptcy. Nevins v. Brooklyn Citizen, 171 App. Div. 643, 157 N. Y. Supp. 155. In this way, and perhaps only in this way, can the former bankrupt get the benefit of his property, to which no one else has any claim.

The petition to revise is dismissed.