ERICH STEPHAN, on Behalf of Himself and Other Stockholders of the MERCHANTS COLLATERAL CORPORATION, Respondent, v. MERCHANTS COLLATERAL CORPORATION et al., Appellants, Impleaded with Others.

(Argued May 14, 1931; decided June 2, 1931.)

*Forrest M. Anderson, Harry A. Bostrom* and *Herbert P. Carter* for appellants. Title to the cause of action sued on was in the trustee in bankruptcy and the plaintiff as stockholder of the bankrupt corporation has no standing to maintain this action. (*First Nat. Bank* v. *Lasater,* 196 U. S. 115; *Matter of Lighthall,* 221 Fed. Rep. 791; *Scruby* v. *Norman,* 91 Mo. App. 517; *Matter of Wiseman & Wallace,* 159 Fed. Rep. 236; *Nevins* v. *Brooklyn Citizen,* 171 App. Div. 643; *Matter of Graff,* 255 Fed. Rep. 241.) A stockholders' suit is essentially a suit by the bankrupt corporation. If the corporation may not sue, neither may its stockholders. (*Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121.) Plaintiff did not show any demand upon the trustee to bring this action. (*Planten* v. *National Nassau Bank,* 174 App. Div. 254; 220 N. Y. 667.) Plaintiff's proper procedure would have been to apply to the District Court for the administration of the asset in bankruptcy. (*Matter of Graff,* 255 Fed. Rep. 241.)

*Edwin J. Dryer* for respondent. The action is derivative in nature brought by a stockholder for and on behalf

of himself and all other stockholders. (*Godley* v. *Crandall & Godley Co.*, 227 N. Y. 656; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7; *O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Bissell* v. *Taylor*, 229 App. Div. 369; *Planten* v. *National Nassau Bank*, 174 App. Div. 254; *Hanna* v. *Lyon*, 179 N. Y. 107; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Young* v. *Equitable Life Assur. Soc.*, 112 App. Div. 760; *Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152; *Sage* v. *Culver*, 147 N. Y. 241; *Security Trust Co.* v. *Pritchard*, 201 App. Div. 142; *Seagrist* v. *Reid*, 171 App. Div. 755.) At the time of the institution of the action the former trustee in bankruptcy had no right to, interest in or claim upon the property involved in the action. (*Matter of Scruggs*, 205 Fed. Rep. 673; *Matter of Frazin*, 183 Fed. Rep. 28; *Dushane* v. *Beall*, 161 U. S. 513; *Felming* v. *Courtenay*, 98 Me. 401; *Sparhawk* v. *Yerkes*, 142 U. S. 1.) The bankruptcy proceedings did not defeat the right to recover on the part of the plaintiff. (*Matter of Roth*, 181 Fed. Rep. 667; *Melnick* v. *Commercial Casualty Ins. Co.*, 221 App. Div. 599; *Johnson* v. *Norris*, 190 Fed. Rep. 466; *Hanson* v. *Center First Nat. Bank*, 128 S. W. Rep. 1147; *Matter of Paine*, 127 Fed. Rep. 246.)

POUND, J. Plaintiff commenced this representative action on behalf of himself and all other stockholders of the Merchants Collateral Corporation by the service of the summons on January 28, 1929. He seeks a judgment that the other defendants pay to the defendant Merchants Collateral Corporation the damages sustained by reason of alleged misconduct of defendant officers and directors of the corporation, and that a receiver be appointed of the property of the corporation.

The defendant Merchants Collateral Corporation was adjudicated a bankrupt on the 25th day of January, 1928, by the United States District Court of the Eastern

District of Pennsylvania, and a trustee was appointed on February 17, 1928. The trustee accounted and was discharged of his trust on September 24, 1928. Thereafter on January 28, 1929, this action was instituted.

Generally speaking, the title to all the property of the bankrupt passed to the trustee. The question is whether the stockholder's action will lie.

Section 2 (8) of the Bankruptcy Act (11 U. S. C. A. § 11 [8]) invests courts of bankruptcy with jurisdiction to " close estates, whenever it appears that they have been fully administered * * * and reopen them whenever it appears they were closed before being fully administered." Section 11-d (11 U. S. C. A. § 29 [d]) provides that " suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." But section 11-d was never meant to allow the bankrupt to appropriate property which the trustee should have taken possession of before the estate was closed, and a motion to reopen the estate may at any time be addressed to the sound discretion of the District Court (*Matter of Schreiber*, 23 Fed. Rep. [2d] 428) and in any event two years had not elapsed before the estate was first closed.

A new trustee should be elected for the purpose of administering the unadministered assets. (*Matter of Minners*, 253 Fed. Rep. 300.) The application to reopen should be made by the creditors. There must be not only a reasonable prospect of unadministered assets but also evidence that creditors or other parties in interest would be benefited by the success of the reopening. (*Matter of Graff*, 250 Fed. Rep. 997.)

A claim against directors of a bankrupt corporation for damages due to their misconduct passes to and may be enforced by the trustee. (*Bynum* v. *Scott*, 217 Fed. Rep. 122.)

In these circumstances, how may a stockholder main-

tain a derivative action in the right of a bankrupt corporation?

Trustees in bankruptcy are not bound to accept property which in their judgment is of an onerous and unprofitable nature calculated to burden rather than benefit the estate but they should make such election with knowledge of the nature of such property so that the bankrupt court may compel a different course. (*Dushane* v. *Beall*, 161 U. S. 513.) But here it does not appear that the claim was brought to the attention of the trustee or that any such election was made by him. Therefore, it cannot be said that the trustee elected not to accept the claim in suit. (*Sessions* v. *Romadka*, 145 U. S. 29.)

This right of action of the corporation against the directors passed to the trustee in bankruptcy. The trustee might have declined to accept it. If such election had been made, the bankrupt could assert title thereto. If it in turn did not elect to proceed to enforce it the stockholder might maintain its action. "But that doctrine can have no application when the trustee is ignorant of the existence of the property and has had no opportunity to make an election. It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value (as certainly this claim was according to the judgment below) it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts and still assert title to the property." (*First Nat. Bank* v. *Lasater*, 196 U. S. 115, 119.) If the corporation could not assert title to this claim the stockholder could not for his right is of a derivative character.

It follows that the action will not lie.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.