J. M. GRIMES, Appellant, v. GEORGE E. BRAMMER, Appellee.

No. 41061.

DECEMBER 17, 1931.

REHEARING DENIED APRIL 8, 1932.

L. M. Grimes and John D. Denison, for appellant.

Brammer, Brody, Charlton & Parker, for appellee.

MORLING, J.—Plaintiff's allegations, so far as material, are, in substance, that plaintiff in 1922 became the owner of stock in the First National Bank of Perry, which was then the holder of bonds of the Union Mortgage Company. These bonds were secured by collateral deposited with the Central State Bank as trustee. Defendant was director and counsel for the Union Mortgage Company. Defendant, contrary to the agreement by which the collateral was deposited in trust, withdrew collateral from the trustee and used it to pay debts of the Union Mortgage Company upon which he was security. (The facts concerning the bonds of the Union Mortgage Company the deposit of collateral and the withdrawal of the collateral are set out in the opinion in Richardson v. Union Mortgage Company, 210 Iowa 346, to which plaintiff's amended pleadings refer.) Plaintiff alleges that in consequence of such withdrawal and the re-resulting depreciation in value of the bonds of the Union Mortgage Company the capital stock of the bank became impaired, to restore which an assessment was levied upon the stock. Plaintiff alleges that he was unable to pay this assessment and lost his stock. Plaintiff sets out that the bank recovered from the trustees under the decision in Richardson v. Union Mortgage Company judgment for its loss on the bonds, and that the judg-

ment has been paid, but alleges that the damage specially suffered by him had long since accrued and the payment in no way operated to compensate him for his special damage.

The bank, not its stockholders, owned the bonds of the Union Mortgage Company. The alleged wrong perpetrated by the defendant was the withdrawal of the collateral deposited and pledged as security for the payment of those bonds. The injury was to the owner of the superior beneficial interest in the collateral: that is, the owner of the bonds—the bank. The damage from the injury was the damage to the bank. There was but one wrong, one injury, one liability for the injury. The alleged injury was not, in the eyes of the law, an injury to plaintiff. The loss which he suffered from the injury (the loss of his bank stock resulting from an assessment which he was unable to pay) was remote and consequential. The cause of action for the injury was in the bank. When the cause of action accrued plaintiff was a stockholder. It was then the bank that was entitled to sue upon it. If the bank, or its officers, had refused to sue for the injury, the plaintiff on taking the necessary preliminary steps would have been entitled to sue, but his action would have been brought only for and in behalf of the corporation of which he was a stockholder and for the benefit of the corporation, though resultantly and ultimately for the benefit of all stockholders alike. The bank, however, has not only not refused to sue, but has sued, and has recovered. The cause of action for defendant's alleged wrong has been satisfied. Under well settled principles the plaintiff has, as stockholder, suffered no legal wrong and has no cause of action. Stinnett v. Paramount F.-L. Corporation (Tex.), 37 S. W. (2d) 145; Brodsky v. Frank, 173 N. E. 775, 342 Ill. 110; Stephan v. Merchants Collateral Corporation, 256 N. Y. 418, 176 N. E. 824; Hirshberg v. Appel (Mass.), 164 N. E. 915; 14 C. J. 924 *et seq.*

The case is not one outside the purpose and reason of the separation of the legal entity of the corporation from that of the stockholders. It is not necessary to disregard the separate corporate entity in order to prevent fraud or imposition or to enforce a superior equity. The recognition of the corporate organization here will not defeat public convenience, result in wrong, fraud, or crime. No reason or purpose appears for disregarding the corporate organization. 14 C. J. 59 *et seq.*; Boat-

right v. Steinite Radio Corporation, 46 Fed. (2d) 385; Pierce v. National Bank, 13 Fed. (2d) 40; Hamilton Ridge Lbr. S. Corp. v. Wilson, 25 Fed. (2d) 592; Carozza v. Federal Finance & C. Co. (Md.), 131 Atl. 332, 338.—Affirmed.

All Justices concur.