In the Matter of J. EBB WEIR et al., Appellants; J. BENEDICT ROACHE, JR., Respondent.

Argued October 4, 1943; decided December 2, 1943.

*Gordon M. Lipetz* for appellants. The Appellate Division properly directed the cancelation and discharge of the judgment under the mandatory provisions of section 150 of the Debtor and Creditor Law. (*Walker* v. *Muir,* 194 N. Y. 420; *Rukeyser* v. *Tostevin,* 188 App. Div. 629; *Neish* v. *Doyle,* 143 Misc. 694; *Matter of Thrall,* 139 Misc. 200; *Bronx County Trust Co.* v. *Cassin,* 170 Misc. 962; *Guay* v. *Wilde-Winkworth Oil*

*Corp.*, 174 Misc. 580; *Matter of Herrman,* 102 F. 753.) When the judgment was canceled and discharged, all rights and remedies of the judgment creditor flowing from it and designed to enforce it were extinguished. (*Ocean Nat. Bank of N. Y.* v. *Olcott,* 46 N. Y. 12; *West Philadelphia Bank* v. *Gerry,* 106 N. Y. 467; *Clark* v. *Rowling,* 3 N. Y. 216; *Monroe* v. *Upton,* 50 N. Y. 593; *Cohen* v. *Pinkus,* 126 App. Div. 792; *Leo* v. *Joseph,* 56 Hun, 644; *Nossek* v. *Todd & Son,* 160 Misc. 528.) The lien acquired by the judgment creditor under the garnishee order and garnishee execution was extinguished in the bankruptcy proceeding. (Bankruptcy Act, § 67, U. S. Code, tit. 11.) The rule that a discharge in bankruptcy does not affect the right of a trustee in bankruptcy to garnishee the judgment debtors' income from a testamentary trust does not apply to a judgment creditor. (*Clark* v. *Rowling,* 3 N. Y. 216; *Monroe* v. *Upton,* 50 N. Y. 593; *Dusenbury* v. *Hoyt,* 53 N. Y. 521; *Ocean Nat. Bank of N. Y.* v. *Olcott,* 46 N. Y. 12; *West Philadelphia Bank* v. *Gerry,* 106 N. Y. 467; *Guay* v. *Wilde-Winkworth Oil Corp.,* 174 Misc. 580; *Matter of Towne,* 253 App. Div. 795, 278 N. Y. 597; *Sarver* v. *Towne,* 285 N. Y. 264.)

*J. Courtney McGroarty* for respondent. The lien obtained under section 684 of the Civil Practice Act against the interest of the appellant, J. Ebb Weir, Jr., in the trust, survived the filing of the petition in, and the adjudication of, bankruptcy. (*Matter of Havemeyer,* 127 Misc. 197; *Jenks* v. *Title Guar. & Trust Co.,* 170 App. Div. 830; *Eaton* v. *Boston Trust Co.,* 240 U. S. 427; *Zavelo* v. *Reeves,* 227 U. S. 625; *Rice* v. *Chapman,* 234 App. Div. 279; *Dusenbury* v. *Hoyt,* 53 N. Y. 521; *Herrington* v. *Davitt,* 220 N. Y. 162; *Eric* v. *Gumpert,* 136 Misc. 892; *McDonald* v. *Taylor & Co.,* 144 App. Div. 329; *Wyckoff* v. *Williams,* 136 App. Div. 495; *Louisville Joint Stock Land Bank* v. *Radford,* 295 U. S. 555; *Long* v. *Bullard,* 117 U. S. 617; *Brearley School, Ltd.,* v. *Ward,* 201 N. Y. 358.) The lien thus acquired is in no way affected by the subsequent discharge of the bankrupt. (*Matter of Irving Trust Co.,* 267 N. Y. 102; *Butler* v. *Baudouine,* 84 App. Div. 215, 177 N. Y. 530; *McNaboe* v. *Marks,* 51 Misc. 207; *Jenks* v. *Title Guar. & Trust Co.,* 170 App. Div. 830; *Matter of Poskanzer,* 101 Misc. 100, 181 App. Div. 915; *Zuhlke* v. *Prudential Life Ins. Co.,* 244 App. Div. 549.)

THACHER, J. On February 16, 1933, a judgment was entered against the appellants. On June 18, 1938, the assignee of this judgment procured an order under section 684 of the Civil Practice Act permitting the levy of execution upon income from a trust fund of which the appellant J. Ebb Weir was the beneficiary. Execution issued June 28, 1938. Following this, each of the appellants filed a voluntary petition in bankruptcy on September 2, 1938, and each listed the above judgment in the schedules as a debt. On January 18, 1939, an order was entered by the referee in bankruptcy by which the respondent and his attorneys were enjoined from taking any further proceedings to collect the aforesaid judgment, except in bankruptcy, until the granting or denial of discharge. That order also enjoined the trustee of the trust from paying over to the sheriff any portion of the income of the trust. By a modifying order the trustee was restrained from paying any income which accrued subsequent to adjudication.

Each of the bankrupts was discharged in bankruptcy on January 22, 1941, and thereafter moved in this proceeding for an order under the Debtor and Creditor Law, section 150, for the discharge of the judgment and of the execution against the income of the trust, and for an order directing the trustee to pay to J. Ebb Weir the moneys which it held under said execution. At Special Term this motion was denied and on appeal to the Appellate Division the order was modified by directing the discharge of record of the judgment, providing, however, that such discharge should not affect the lien of the execution against the trust income.

Pursuant to the stay orders of the bankruptcy court there has been accumulated in the hands of the trustee of the trust the sum of approximately $1,200, all prior to the date of discharge. These stays were not effective after that date, but on that date the respondent's judgment was discharged in bankruptcy and the bankrupt became entitled to an order under section 150 of the Debtor and Creditor Law completely discharging of record the execution as well as the judgment. This, however, did not entitle the discharged bankrupt to receive payment of the fund from the trustee which was accumulated prior to his discharge. This fund is an asset of the bankrupt estate, still subject to

administration there, notwithstanding the fact that the former trustee in bankruptcy has been discharged and that the estate presumably has been closed. (*Stephan* v. *Merchants Collateral Corp.*, 256 N. Y. 418; see, also, *Matter of Irving Trust Co.*, 267 N. Y. 102, cert. denied 296 U. S. 539.)

The order appealed from should be modified by directing the cancellation and discharge of record of the judgment entered February 16, 1933, and the cancellation of every right, lien or levy upon the income from the trust due or to become due to appellant J. Ebb Weir acquired by respondent by virtue of the garnishee order and execution, subject, however, to the orders heretofore issued in bankruptcy by the United States District Court for the Eastern District of New York.

The order should be modified in accordance with this opinion, and as so modified affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY AND DESMOND, JJ., concur.

Ordered accordingly.