A. KATHERINE LONG, Appellant, v. PARMELEE TRANSPORTATION COMPANY, Respondent, et al., Defendants.

Argued November 27, 1950; decided March 8, 1951.

*Ralph Stout* and *Thomas O'Rourke Gallagher* for appellant.
I. The evidence establishes that defendant Parmelee, the parent
corporation of M. C. T. Co., Inc., fraudulently diverted and
appropriated to itself moneys which properly belonged to its
subsidiary corporation. (*Farmers' Loan & Trust Co.* v. *New
York & Northern Ry. Co.*, 150 N. Y. 410; *Pennsylvania Canal
Co.* v. *Brown*, 235 F. 669; *Southern Pacific Co.* v. *Bogert*, 250
U. S. 483; *Green* v. *People's Gas Light & Coke Co.*, 118 Misc.
1, 206 App. Div. 647; *Overfield* v. *Pennroad Corp.*, 42 F. Supp.
586; *Barrie* v. *United Ry. Co.*, 125 Mo. App. 96; *Sage* v. *Culver*,
147 N. Y. 241; *Baltimore & Ohio Tel. Co.* v. *Interstate Tel. Co.*,
54 F. 50.) II. The new findings of the Appellate Division that
the payments made to Parmelee under the agreement were
based upon a fair and adequate consideration, and that Parmelee
acted throughout in good faith, are not merely contrary to the
evidence — they are without evidence to support them. (*Boyd*
v. *Boyd*, 252 N. Y. 422.)

*Eugene J. Keogh* and *Edward S. St. John* for respondent.
I. Appellant has failed to sustain her burden of affirmatively
proving fraud on the part of respondent. (*Strongin* v. *Inter-
national Acceptance Bank*, 70 F. 2d 248.) II. Regardless of any
questions of fraud, appellant is not entitled to participate in
the distribution of any assets of M. C. T. Co., Inc. (including
any interest in the funds under the agreement of November 1,
1933), because at the time of its bankruptcy on March 9, 1932,
she did not have a liquidated, provable claim nor did she
liquidate her claim within the statutory period thereafter.
(*Brown* v. *O'Keefe*, 300 U. S. 598; *Williams* v. *United States
Fidelity & Guar. Co.*, 236 U. S. 549; *Matter of Merrill & Baker*,
186 F. 312; *Schall* v. *Camors*, 251 U. S. 239; *Matter of S. W.
Strauss & Co.*, 67 F. 2d 605; *Stalick* v. *Slack*, 269 F. 123; *Cawthon*
v. *Bancokentucky Co.*, 52 F. 2d 850; *Matter of Cohen*, 25 F.
Supp. 365.) III. Inasmuch as appellant was not insured under
the New Jersey insurance company bond, she has no claim
against the funds, regardless of whether or not M. C. T. Co.,
Inc., became a bankrupt.

*Per Curiam.* Plaintiff is a judgment creditor seeking to follow funds alleged to belong to her judgment debtor. Defendant owned all of the stock of Motor Cab Transportation Corporation, which in turn owned all of the stock of Black Beauty Cab Corp., M. C. T. Co., Inc., Motor Cab Transportation Company, Inc., and other corporations. Other affiliated companies of defendant were Yellow Taxicab Corporation, National Transportation Co., Inc., Hamilton-Peters Operating' Co., Inc., engaged in the operation of taxicabs; Alpha Brokerage Corporation, engaged principally in arranging taxicab bonds, and Transportation Adjustments, Inc., engaged in the adjustment of claims. The majority of the capital stock of defendant was owned by Checker Cab Manufacturing Corporation, engaged in manufacturing and selling taxicabs, and which, through defendant, controlled all of its subsidiary corporations. All these companies had offices on the same floor, and presented an integrated system of corporate parent, subsidiary and affiliated relationship covering the whole taxicab field, from their manufacture to their actual operation, their bonding and the adjustment of their claims.

Plaintiff was injured while riding in a taxicab operated by Black Beauty Cab Corp., on March 16, 1930. In November of that year the stock of Motor Cab Transportation Corporation was acquired by defendant, whereupon the former was dissolved and its assets, including the stock of M. C. T. Co., Inc., were distributed to defendant. The following month Black Beauty Cab Corp. was merged with M. C. T. Co., Inc., the latter corporation thereby assuming all of its liabilities, as provided in section 85 of the Stock Corporation Law.

On June 16, 1934, plaintiff obtained a default judgment against Black Beauty Cab Corp. and Motor Cab Transportation Company, Inc., in the sum of $15,670.55, of which all but $2,000 is unpaid. She could not, however, enforce her judgment against M. C. T. Co., Inc., which by merger had assumed this liability, because on March 9, 1932, it had been adjudicated a bankrupt. Plaintiff, as a tort claimant for negligence who had not reduced her claim to judgment, had no provable claim in the bankruptcy proceeding, and was not a creditor in bankruptcy under the applicable Federal statute then in force and was not

affected thereby (former Bankruptcy Act, U. S. Code, tit. 11, § 1, subd. [11]; § 103).

It follows therefrom that to succeed here she must show not only that defendant came into possession of funds belonging to M. C. T. Co., Inc., but that such funds were available to satisfy her judgment, that is, that such funds were not part of the estate in bankruptcy of M. C. T. Co., Inc. We are of the opinion that she has succeeded in such showing, and that the weight of the evidence supports the determination of Special Term.

Under the agreement of December 1, 1930, made for the benefit of claimants under bonds issued by New Jersey Fidelity and Plate Glass Insurance Company, defendant contributed $27,000 and M. C. T. Co., Inc., over $285,000 toward a total deposit of $659,000. Thereafter, defendant succeeded in withdrawing $625,000 in cash from this fund and substituting therefor taxi paper, so-called because it represented notes secured by conditional sale or chattel mortgage agreements on the sale of taxicabs originally held by Checker Cab Manufacturing Corporation, and which paper both of said corporations unconditionally guaranteed. Following defaults by defendant under its guaranties, the liquidation of the bonding company, and subsequent agreements with respect to such defaults, the final agreement was entered into on November 1, 1933. In accordance with this agreement, to which the aforesaid operating companies, Checker Cab Manufacturing Corporation, Alpha Brokerage Corporation and defendant were parties, defendant restored cash for the taxi paper, claims against the fund were paid, and a surplus resulted which was turned over to defendant, subject, however, to the provisions of the agreement, which in paragraph VI thereof contemplated an accounting, said agreement specifically stating that as between defendant and the operating companies, their " actual contributions * * * shall be the net credit of the contributing party ", and said parties shall not be deprived " of any right of accounting between them ". Defendant, in making good its guaranties, was not making any new or additional contributions or furnishing any new consideration; it was merely performing obligations which it had theretofore assumed, and correcting its own defaults.

Defendant on its books credited M. C. T. Co., Inc., plaintiff's judgment debtor, with the sum of $158,336, designating it " Surplus — M. C. T.", with a note that this was a credit " for their interest in the excess funds returned by the Trustees ". Upon the record before us — and more particularly this bookkeeping record of defendant and the explanatory letter, plaintiff's Exhibit 3 — plaintiff has succeeded in tracing funds belonging to M. C. T. Co., Inc., at least sufficient to pay her judgment.

In view of the fact that the trustee in bankruptcy received no consideration for his signature to the agreement of November 1, 1933, and he through his accountant thereafter acquired full knowledge of the foregoing facts, notwithstanding all of which he permitted the closing of the bankrupt estate without any attempt to assert a claim to the surplus which was then in existence, his conduct is tantamount to an abandonment as a matter of law, and title to the surplus therefore reverted to M. C. T. Co., Inc., or its successor, this defendant, subject, however, to the judgment of plaintiff, who was in nowise bound by the bankruptcy (*First Nat. Bank* v. *Lasater,* 196 U. S. 115; *Matter of Malcom,* 48 F. Supp. 675; *Stephan* v. *Merchants Collateral Corp.,* 256 N. Y. 418, 422; 4 Collier on Bankruptcy, § 70.42).

Accordingly, the judgment of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly. [See 302 N. Y. 771.]