Remus H. ASKEW, Appellant,

v.

RANDOLPH CARNEY CO., Inc., and Randolph Carney, Ann Carney, and Frank Paley, Trustees, Appellees.

No. 1902.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 10, 1956.

Decided Jan. 24, 1957.

Lyle L. Robertson, Washington, D. C., with whom John C. Ryan, Washington, D. C., was on the brief, for appellant.

Frank Paley, Washington, D. C., for appellees.

Before ROVER, Chief Judge; QUINN, Associate Judge; and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Appellant, a contractor, filed suit against a corporation and its three trustees for labor and materials furnished in connection with a painting contract. Trial by the court without a jury resulted in a finding and judgment for appellant against the corporate defendant and dismissal of the case as to the individual defendants.

On appeal plaintiff's chief, though not his only, contention is that the court erred in dismissing the action against the trustees. Briefly, the facts were that plaintiff was engaged by defendant corporation (a

family corporation wholly owned and operated by the three individual defendants) under an oral agreement to perform certain work on a private residence. Plaintiff completed the work about February 11, 1954, and submitted a bill. On the entire contract the trial judge found that there was due plaintiff a total of $5,772.08, of which he had received $4,950, leaving a balance of $822.08.

The assets of the corporation as of February 11, 1954, so the court found, consisted of $1,000 in paid-in capital and $7,125.-35, representing an account receivable from the owner of the house, which account was finally collected by the corporation in July 1954. However, the corporation had no assets in 1955 when this suit was initiated. The trustees did not account for the $3,175.35 of missing assets which was the difference between the paid-in capital plus the account receivable and the amount paid to appellant. After considerable delay, defendants finally responded to a motion to produce documents relating to the financial transactions of the corporation by offering a bank statement without any canceled checks and also an unidentifiable sheet of paper, stating that these were its only records. No financial records or accounts were produced which would account for the disposition of the corporate assets. The corporation's president admitted that during its entire existence the corporation had had but one job, namely, the one on which the instant suit was predicated. The trial judge found that " * * * there is no sufficient evidence to show the disposition of the funds received from [the owner of the private residence], or that the trustees distributed the assets of the corporation to themselves, as stockholders or otherwise."

■ Plaintiff's case against the individual defendants apparently proceeded on the following possible theories: that when assets of an insolvent corporation are transferred to others in an attempt to hinder or defraud creditors, the transferees are liable for the corporate debt to the extent of such assets as they received;[1] or that the defendants distributed the assets to themselves in violation of Code 1951, 29-218, and thus incurred individual liability; or that the trustees, as directors, were under a fiduciary obligation to account to creditors, citing Northern Mining Corporation v. Cooke Mining Co., 9 Cir., 1941, 123 F.2d 9. But under any theory of law, it was still necessary to prove that the assets in question ultimately were received by defendants, or disposed of by them in contravention of plaintiff's rights as a creditor.[2]

■ The trial judge found as a fact that plaintiff had not introduced "sufficient evidence" on this element of his case, and on the record before us we must uphold this finding. It is true, as plaintiff argues, that the failure of defendants to account for the disposition of the assets or produce any financial records, which would indicate what became of the assets, raises an unfavorable inference,[3] but such inference cannot be treated as independent evidence of a fact otherwise unproved.[4] Since there was not sufficient evidence to prove this crucial element of plaintiff's case, the judgment dismissing the action against the individual defendants must be affirmed.

■ Plaintiff also complains that the lower court erred in not enforcing the various rules with respect to the production of records and the taking of depositions, and hence his motion to strike the answer or in the alternative motion for judgment

1. Corporation Audit Co. v. Cafritz, 1946, 81 U.S.App.D.C. 196, 199, 156 F.2d 839, 842.

2. See, in general, Long v. Parmelee Transp. Co., 1951, 302 N.Y. 273, 97 N.E.2d 901; 19 C.J.S., Corporations, §§ 1440, 1441; 15A Fletcher's Cyclopedia of Corporations, § 7587, et seq. (1938 Repl. Vol.).

3. Hartman v. Lubar, D.C.Mun.App., 1946, 49 A.2d 553, 555-556.

4. See the discussion in 70 A.L.R. 1326.

should have been granted. Failure of defendants to produce any pertinent documents unquestionably made it extremely difficult for plaintiff to go forward with his case, but defendants did produce all the documents they claimed to have. Under the circumstances, the granting of the motion was within the discretion of the trial court, and although, had we been the triers of the case, we might have granted such a motion for noncompliance with the rules, we cannot say on the record that the trial court abused its discretion in denying the motion.

. We have considered appellant's other allegations of error and regard them as without merit.

Affirmed.