■ SEAGIRT REALTY CORP., Respondent, v. JACK CHAZANOF, Appellant.— In an action to impress a trust on certain real property and to compel defendant to execute a deed conveying the property to plaintiff, defendant appeals from a judgment of the Supreme Court, Queens County, entered June 19, 1962 upon the decision of the court (35 Misc 2d 211), after a jury trial, which declared the plaintiff to be the owner of the property and which directed the defendant to execute a deed of conveyance to the plaintiff. Judgment reversed on the law and the facts, without costs, and the complaint dismissed, without costs. The findings of fact contained in the decision of the court (35 Misc 2d 211), insofar as they may be inconsistent herewith, are reversed; and new findings are made as indicated herein. The plaintiff corporation is wholly owned and controlled by Jacob Landau, who is its president. In 1934 the subject real property was conveyed as part of a larger parcel by a predecessor corporation which was also wholly owned and controlled by said Jacob Landau. At that time, the grantee, Albert Landau, who is Jacob's son, agreed with his father that the latter would remain the actual owner of the property and that he (the son) would, at his father's request, either reconvey the property to his father or to anyone designated by him. In 1945 the father was adjudicated a bankrupt. His bankruptcy petition, filed in January, 1945, stated that he had no property in reversion, remainder, expectancy or trust. In 1950, at the father's request, part of the property was conveyed by the son to defendant who is the son-in-law of the father. Defendant agreed to reconvey the property to the plaintiff corporation, and, in fact, the defendant simultaneously executed and delivered a deed in compliance with this agreement. However, this deed was not recorded and has since been mislaid or lost. The evidence is uncontradicted that in 1934, when the real property herein was initially conveyed as part of the larger parcel, there were 22 judgments in various amounts outstanding against the father — the president and sole stockholder of plaintiff corporation. Under these circumstances, we find as a fact and hold as matter of law that the 1934 conveyance was made to defraud his creditors. Equity will not afford relief where, as here, the real party in interest — the father, through the medium of his corporate entity — comes into court with unclean hands. Were a court of equity to do otherwise it would lend its aid in bringing a fraudulent scheme to fruition (*Pattison v. Pattison,* 301 N. Y. 65; *Haug v. Haug,* 283 App. Div. 1107). Moreover, since the controversy here involved concerns the very same property that was concealed from the Federal court in the father's 1945 bankruptcy proceeding, whatever interest he may have had in this property passed to the trustee in bankruptcy (*Stephan v. Merchants Collateral Corp.,* 256 N. Y. 418, 422; *Schildkraut v. Light,* 269 App. Div. 990; see, also, *Nevins v. Brooklyn Citizen,* 171 App. Div. 643, 644). Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Rabin, J., dissents and votes to affirm the judgment, with the following memorandum: In this action, the plaintiff is seeking, in effect, to compel the execution by

defendant of a duplicate of the very instrument of conveyance previously executed and delivered by him to the plaintiff on June 28, 1950. In my view, any event which may have transpired in the chain of title prior to the delivery of the deed by this defendant to plaintiff on June 28, 1950 is not germane to the present controversy and is in no way dispositive of the real issue raised. On June 28, 1950, simultaneously with the conveyance of the subject premises to the defendant, he voluntarily executed and delivered a deed conveying the property to the plaintiff, which deed, however, was never recorded and was subsequently mislaid or lost. Under these circumstances, the right to the relief sought does not rest upon the impressment of a trust. The plaintiff makes out a prima facie case entitling it to a duplicate deed without the necessity of referring to the chain of events which defendant claims deprives plaintiff of its right to relief. The prevailing view is that where the rights of creditors are not involved in the suit, relief will not be denied to a party to the conveyance if he can make out his case without referring to the facts disclosing fraud (2 Pomeroy, Equity Jurisprudence, § 401a, pp. 110–111; 24 Am. Jur., Fraudulent Conveyances, § 121, p. 269). The majority of this court, however, rely on *Pattison* v. *Pattison* (301 N. Y. 65, 72). In that case the court stated that "equity is very much disinclined to afford relief because the complainant does not come into court with clean hands and to enforce the trust for him * * * would be to afford comfort and encouragement to a wrongdoer." There can be no doubt as to the soundness of that general doctrine, but in my opinion it is inapplicable here; the *Pattison* case is distinguishable and is not controlling as to the issues here in controversy. The doctrine which is applicable here has been well stated: "Where the grantee in a fraudulent conveyance voluntarily reconveys to the grantor, in fulfillment of his moral obligation to reconvey, although he could not have been compelled to reconvey, his voluntary reconveyance revests the title both in law and equity in the grantor, if the rights of no innocent third person have intervened, and the grantee cannot afterwards set up a valid claim to the property on the ground of the original fraudulent conveyance" (2 Moore, Fraudulent Conveyances, pp. 653–654; cf. *Greason* v. *Holcomb,* 131 App. Div. 868, affd. 196 N. Y. 571; see, also, annotation at 89 A. L. R. 1168, *et seq.*). In *Moore* v. *Livingston* (14 How. Prac. 1), which is the only other case I have been able to find where this precise issue was raised, the court granted judgment for the plaintiff on the ground that plaintiff was only seeking restitution of a deed of reconveyance which had been executed and delivered and subsequently taken from plaintiff's possession and, therefore, as a muniment of title, lawfully became plaintiff's property. As in *Moore,* plaintiff here is not seeking to enforce any rights in the subject premises, but is merely seeking to compel defendant to re-execute the muniment of title previously executed and delivered by him. The issues raised in this case do not involve the respective rights in and to the subject premises as between the plaintiff and the creditors or trustee in bankruptcy of defendant's father-in-law. Hence, such rights may not be invoked as a bar to the granting of relief to the plaintiff, and the court is not required to pass upon them.