Richard J. Cardamone, J.
The petitioners bring this motion, pursuant to section 150 of the Debtor and Creditor Law, to have certain judgments of record discharged.
On August 31, 1960 the petitioner, Robert E. Berkey, Jr., filed his voluntary petition in the bankruptcy court and was adjudged bankrupt on that date. At the same time, there were entered and docketed against the petitioner in the County Clerks’ offices of Onondaga and Madison Counties, certain judgments which were liens against real property owned by the said peti *155 tioner. Among the judgments was one for the Elgin Softener Corporation, totaling $1,428.08, one for Bellaire Industries, Inc., in the amount of $3,914.64, one for Syracuse Mix Concrete Company, Inc., in the sum of $100, one for Tuscarora Building Products, Inc., in the amount of $3,011.31, and one for the New York Telephone Company in the amount of $1,000. All of these judgments were listed in the schedules which accompanied the petitions filed in the bankruptcy court. At the time of filing the petition, Robert E. Berkey, Jr., and Patricia Berkey, his wife, were owners as tenants by the entirety of their residence at 219 Hill Street, Ohittenango, New York. During the bankruptcy proceeding, the trustee sold and conveyed, by trustee deed, the interest of the petitioner, Robert E. Berkey, Jr., in this real property to his wife, Patricia Berkey. On the 15th day of December, 1960, the petitioner, Robert E. Berkey, Jr., was discharged from all debts and claims in the bankruptcy proceeding. Thereafter, the said petitioner Patricia Berkey, reconveyed title to the real property to both petitioners as tenants by the entirety. The petitioner alleges that more than a year has elapsed since his discharge and that all of the judgments and liens arising therefrom still stand of record in Onondaga County and Madison County and he asks that they be discharged. The date of the judgments obtained are as follows: Elgin Softener Corp., April 29 and May 2, 1960, Bellaire, July 12 and 18, 1960, Syracuse Concrete Mix, June 8 and 10, 1960, New York Telephone Company, August 23 and 29, 1960, Tuscarora Building, April 7, 1960. All of these judgments (with the exception of those of Tuscarora Building Products and the judgment in Onondaga County for Elgin Softeners) were docketed and entered within four months of the adjudication of bankruptcy. The judgment creditors do not question the petitioner’s right to obtain a discharge, but contend that the discharge should be a “ qualified ” one.
Section 150 of the Debtor and Creditor Law provides that after one year has elapsed since a bankrupt was discharged from his debts, he may apply to the court in which a judgment was rendered against him for an order directing that a discharge or a qualified discharge of record be marked upon the docket of the judgment. (Debtor and Creditor Law, § 150, subd. 1.) Subdivision 4 of the section provides: “ If (a) it does not appear whether the judgment was a lien on real property owned by the bankrupt or debtor prior to the commencement of the bankruptcy proceedings, or (b) if it appears that the judgment was a lien on such real property and it is not established to the satisfaction of the court that the lien was invalidated or sur *156 rendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee, the order shall direct that a qualified discharge be marked on the docket of the judgment. If the court directs that a qualified discharge be marked on the docket of the judgment it shall specify in its order which of the two grounds stated above was the basis of its order.”
It is the petitioner’s contention that section 67 (subd. [a], par. [1]) of the Bankuptcy Act makes the liens of the judgment creditors null and void, entitling him to a complete discharge. Section 67 (subd. [a], par. [1]) (U. S. Code, tit. 11, § 107) provides: “ a. (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this Act ”.
It is conceded by the petitioner in his moving papers, that the judgments and the liens arising from them were not invalidated, preserved, or set aside in the bankruptcy proceeding. The petitioner states that the lien is preserved if the trustee elects to enforce it for the benefit of the estate and in this case the trustee did not so elect. He claims, therefore, that the liens were invalidated by the operative provision of section 67 (subd. [a], par. [1]) of the Bankruptcy Act. With this contention we do not agree.
Confusion has arisen over the meaning of the language used in section 67 (subd. [a], par. [1]). At one time the United States Supreme Court used language which could be interpreted as meaning that the section operated automatically. (Clarke v. Larremore, 188 U. S. 486 [1903].) Under more modern decisions, however, nullity of a lien under the statute is not established until it has been judicially determined. (Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426 [1924]; Connell v. Walker, 291 U. S. 1 [1934]; Pigg & Son v. United States, 81 F. 2d 334 [C. C. A. 10th, 1936].) The matter was made clear in Fischer v. Pauline Oil Co. (309 U. S. 294, 302 [1940]) where the court (Roberts, J.) stated: “ Although § 67(f) unequivocally declares that the lien shall be deemed null and void, and the property affected by it shall be deemed wholly discharged and released, the section makes it clear that this is so only under specified conditions. At the date of creation of the lien the bankrupt must have been insolvent; the lien must have been acquired within four months of the filing of the petition in bankruptcy; *157 and the property affected must not have been sold to a bona fide purchaser. Furthermore, the lien is preserved if the trustee elects .to enforce it for the benefit of the estate. These conditions create issues of fact which, as between the trustee, or one claiming under him, and the lienor, or one claiming by virtue of the lien, the parties are entitled to have determined judicially. The courses open to the trustee under ,the Bankruptcy Act of 1898 were to proceed to have the lien declared void, by plenary suit, or by intervention in the court where it was obtained, or by applying, in the bankruptcy cause, to restrain enforcement, as might be appropriate in the circumstances.” This statement of the law has been of long-standing in this Department. (McCarty v. Light, 155 App. Div. 36 [4th Dept., 1913]; 4 Remington, Bankruptcy [Rev. ed., 1957], §§ 1616-1622.) Matter of Weir (291 N. Y. 296 [1943]) urged upon the court by the petitioner is not in point. That case involved income from a trust fund which the Court of Appeals held was an asset of the bankrupt estate subject to administration there and not available to the discharged bankrupt.
Judgment creditors are to submit an order providing for a qualified discharge of the judgment on the grounds specified In section 150 (subd. 4, par. [b]) of the Debtor and Creditor Law, without costs.