■ DOMINIC P. MARCISZEWSKI, Appellant, v HOSELTON DATSUN, INC. Respondent.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff purchased an automobile from defendant on April 6, 1984 and thereafter filed a petition in bankruptcy on May 9, 1984. He claims that in July of 1984 he learned that the automobile was not new but had been damaged and repaired before it was sold to him. In the bankruptcy proceeding, plaintiff listed the vehicle on his asset schedule. On September 27, 1984 the trustee in bankruptcy abandoned the vehicle to permit the lienholder to repossess. Plaintiff subsequently commenced this breach of contract action seeking damages. The court dismissed the complaint finding that plaintiff lacked standing to sue defendant. Plaintiff avers that when the trustee abandoned the automobile he also abandoned the cause of action arising from the purchase of the vehicle. We disagree. Before a trustee in bankruptcy may abandon a right of action, he must be aware of its existence (First Natl. Bank v Lasater, 196 US 115, 118; Stephan v Merchants Collateral Corp., 256 NY 418, 422; Lapis Enters. v International Blimpie Corp., 84 AD2d 286, 290). There is nothing in the record to demonstrate that the trustee was aware of the cause of action and thus it remains vested in the trustee (see, Lapis Enters. v International Blimpie Corp., supra; Schildkraut v Light, 269 App Div 990, affd 296 NY 1036). (Appeal from judgment of Supreme Court, Monroe County, Fritsch, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, O'Donnell, Pine and Schnepp, JJ.